WILSON ET AL. *v.* MATHIS.

[No. 17,792.   Filed June 19, 1896.]

INTOXICATING LIQUOR. — *Application for License.* — *Appeal from Board of Commissioners.*—Where an application to the board of commissioners for a license to sell intoxicating liquors is dismissed,

by virtue of the required remonstrance, an appeal will lie to the circuit court.

SAME.—*Remonstrance.*—*Statute Construed.*—Under section 9, Act of March 11, 1895, the remonstrance must be directed against a particular applicant; a general remonstrance would not be sufficient.

SAME.—*Separate Remonstrances.*—Voters may exercise the right to remonstrate by separate remonstrances, all directed against the same particular applicant.

From the Warren Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, and *Stearns & Ringer,* for appellants.

*Stansbury & Stephens,* for appellee.

JORDAN, J.—Appellee in this action was an applicant for license to sell intoxicating liquors, and appellants were remonstrators under section nine of the act of 1895 (Acts 1895, p. 248).

The questions which the appeal presents are: 1st, If an application to the board of commissioners for a license to sell intoxicating liquors is dismissed by the board, by virtue of the required remonstrance, under section nine of said act, will an appeal lie from this decision to the circuit court?

2d. Does section nine, *supra,* apply only to some particular applicant who is seeking a license?

3d. Must the names of the remonstrants all be signed to one written remonstrance, or may the voters exercise the right to remonstrate upon separate papers, of like import, and for the same purpose, all of which are filed within the prescribed time?

It has been held by this court that a proceeding, under the statute of 1875, to obtain a license to sell intoxicating liquors is a judicial proceeding. *Castle* v. *Belle, ante* 8, and cases there cited.

Section 7280, R. S. 1894, expressly grants an appeal to either an aggrieved applicant or remonstrator to the circuit court from a decision of the county commissioners in granting or refusing a license to retail

intoxicating liquors We recognize nothing in section nine, *supra,* or any other of the provisions of the Act of 1895, which can be said to change, impair, or destroy this right which is expressly given under the section above cited. It follows, therefore, that it still exists, and that the first question presented must be answered in the affirmative. Section 7864, R. S. 1894, provides that every appeal taken from the board of commissioners to the circuit court, shall be docketed among other cases pending therein, and the same shall be tried and determined as an original cause. Under this provision of the statute, it has been frequently held by this court, that such appeal stands for trial *de novo* in the circuit court. *Hardy* v. *McKinney,* 107 Ind. 364.

We held, in the opinion in the case of *State* v. *Gerhardt, ante* 439, that when the board should find it to be an existing fact that the required remonstrance, under section nine, *supra,* had been filed in accordance with said section, that its further jurisdiction in the proceedings to obtain a license was ousted, and all it was authorized to do, under the law, was to dismiss the application. It is manifest, therefore, upon an appeal, that the same rule must control the circuit court. The first duty of the latter court, upon such an appeal would be—without the intervention of a jury—to ascertain, as preliminary to its jurisdiction, to hear the appeal in general, whether, under the evidence and the law relative thereto, the fact, namely, that the required remonstrance was filed three days prior to the first day of the session of the board at which the application was presented, existed.

If this fact is found to exist, the jurisdiction of the court, in like manner as is that of the board of commissioners, is terminated, and it can proceed no further, but must dismiss the application. But if,

upon the contrary, the court finds (in the event the question is presented by the appeal) that such fact does not exist, it is then at liberty to proceed in the hearing of the appeal, in like manner as if no remonstrance had been filed, under the Act of 1895.

The second question was considered and settled in *State* v. *Gerhardt, supra,* and under the authority of that decision must be answered in the affirmative.

In *Flynn* v. *Taylor et al., post* 533, it was held that the voters may exercise the right to remonstrate by separate remonstrances, all directed against the same particular applicant. This decision is decisive of the proposition involved in the third question.

For error of the court in sustaining the motion to strike out the remonstrance upon the grounds therein stated, the judgment is reversed.