## LUDWIG *v.* THE STATE.

[No. 2,375.    Filed November 24, 1897.]

INTOXICATING LIQUORS.—*License.*—*Appeal.*—A proceeding to obtain a license to sell intoxicating liquor is a judicial proceeding, and an appeal may be taken from the decision of the board of commissioners by the applicant or by a remonstrant.  *p. 520.*

SAME.—*Appeal.*—*Trial De Novo.*—An appeal from a decision of the board of commissioners refusing to grant a license to sell intoxicating liquor, stands for trial in the circuit court *de novo.*  *p. 520.*

SAME.—*License.*—*Appeal.*—*Collateral Attack.*—Where the board of commissioners refused remonstrants to withdraw their names from a remonstrance to an application for a license to sell intoxicating liquor, and the applicant appealed to the circuit court, a judgment of the circuit court granting the remonstrants the right to withdraw their names, and a finding in all things in favor of the applicant fixed his right to a license and all privileges thereunder, whether such decision of the circuit court was right or wrong, and such judgment is binding against a collateral attack in a prosecution against such party for selling liquor thereunder, although the State was not a party to such proceeding.  *pp. 520, 521.*

From the Marion Criminal Court.  *Reversed.*

*Joseph B. Kealing, Martin M. Hugg* and *Millard F. Cox,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, Charles S. Wiltsie, Fremont Alford,* and *Ritter & Baker,* for State.

ROBINSON, C. J.—Appellant was convicted of selling intoxicating liquor without a license, in less quantity than a quart. It appears from the record that in September, 1895, appellant, having given notice, as required by the act of March 11, 1895 (Acts 1895, p. 251), applied to the board of commissioners of Marion county for a license to sell intoxicating liquor; that a remonstrance signed by a majority of the legal voters of the township in which appellant desired to sell was filed; that during the same term of the com-

Ludwig v. The State.

missioners' court a number of the remonstrants, suffi-
cient to reduce the number of signatures below the re-
quired number, filed their petition to withdraw their
names from the remonstrance, which was overruled
by the commissioners, and the application for license
refused; that appellant thereupon appealed to the cir-
cuit court of Marion county, and in the circuit court
the petition for leave to withdraw names was refiled;
that the remaining remonstrants moved to strike the
petition for withdrawals from the files, which motion
was overruled and thirty days time given to file a bill
of exceptions; that the circuit court granted the peti-
tion for withdrawals, and after hearing the evidence,
found that appellant was possessed of the statutory
qualifications, and that he had given the required no-
tice and that the remonstrance filed, after the with-
drawals permitted, was not signed by a majority of
the legal voters of the township; that the court there-
upon ordered that the commissioners should grant ap-
pellant his license in accordance with his notice and
application upon his filing the required bond, and
rendered judgment for costs against the remonstrants
in favor of appellant; that the order of the circuit
court was certified to the county commissioners and a
license was issued to appellant as specified in his ap-
plication and notice; that appellant executed his bond
to the approval of the county auditor; that the re-
monstrants did not file their bill of exceptions within
the time allowed, and took no appeal from the de-
cision of the circuit court, and that the same stands
unappealed from and unreversed.

The license issued to appellant was for one year
from the 19th day of December, 1895.

While holding the license as above set out the sale
was made, and the only question presented is whether
the license protected a sale made thereunder.

A proceeding to obtain a license to sell intoxicating liquor is a judicial proceeding, and an appeal may be taken from the decision of the board of commissioners by either the applicant or a remonstrant, and when an appeal has been taken the case stands for trial *de novo*. *Wilson* v. *Mathis*, 145 Ind. 493; *Hardy* v. *McKinney*, 107 Ind. 364.

When the case was appealed from the board of commissioners to the circuit court it became the duty of the latter court first to determine the question of jurisdiction, and whether as a matter of fact the remonstrance had been filed as required by law. Under the construction placed upon the statute by the circuit court the required remonstrance was not on file when the case came up for hearing. The appeal in the circuit court was to be tried regardless of what had been done by the board of commissioners. The question of jurisdiction was to be determined by the circuit court, and its decision upon that question might have been reviewed in a proceeding on appeal. As has been since decided by the Supreme Court, the circuit court's determination of the question of the right of remonstrants to withdraw their names may have been wrong, but it does not necessarily follow that the judgment of the circuit court was an absolute nullity. The judgment fixed appellant's right to a license under the law of the State, and is valid and binding against a collateral attack.

It is not to be denied that if a license is issued in disregard of a proper remonstrance it affords its holder no protection against a prosecution for selling without a license; but the circuit court held that a proper remonstrance was not on file, and that question was a proper and necessary one for the court to determine.

It is true, the State was not a party to the proceed-

ings through which appellant obtained his license, but when the circuit court had fixed appellant's right to a license and he had obtained the license by virtue of the judgment and order of the circuit court, he had all the privileges granted by the license, whether the circuit court was right or wrong, so long as that judgment and order stood. The State, through public officers, granted the privileges set forth in the license to appellant, and they were granted by a court having general authority to act in the matter, and as long as that order stood it was as conclusive against the State as an individual.

It has been frequently held that the judgment of a court of general jurisdiction upon its own right to take jurisdiction cannot be collaterally questioned, and there are strong reasons to support this rule. *Stout* v. *Woods*, 79 Ind. 108; *Dowell* v. *Lahr*, 97 Ind. 146; *State* v. *Wenzel*, 77 Ind. 428; *Lautz* v. *Maffett*, 102 Ind. 23; *Pickering* v. *State*, 106 Ind. 228.

When the appeal was taken from the board of commissioners to the circuit court, the latter had general jurisdiction of the subject-matter, and where jurisdiction is assumed in such case the presumption is in favor of the authority of the court. The authority of a court to decide at all involves the authority to decide wrong as well as right. *Quarl* v. *Abbett*, 102 Ind. 233; *Smurr* v. *State*, 105 Ind. 125. And it is a general rule that where a court has general jurisdiction its judgments are not void although they may be erroneous. *Spencer* v. *McGonagle*, 107 Ind. 410.

The license was issued to appellant by virtue of a judgment of a court having general jurisdiction of the subject-matter. And as that judgment was never appealed from or set aside, although it may have been wrong, it is good against an attack of this kind, and protected a sale made under the license.

Judgment reversed.