## JONES *v.* ALEXANDER ET AL.

[No. 20,812.   Filed November 27, 1906.]

1. INTOXICATING LIQUORS.—*License.—Remonstrance.—Burden of Proof.—Evidence.—Statutes.*—Under §7283i Burns 1905, Acts 1905, p. 7, the burden of proof that a remonstrance was filed against the granting of license to sell intoxicating liquors at retail, is upon the remonstrators, and the *ex parte* order of the board of commissioners that a remonstrance theretofore filed contained a majority of the electors concerned is not evidence of such fact.   p. 397.

2. SAME.—*Remonstrance.—Statutes.—Claiming Benefits of.*—A litigant claiming the benefits of a statutory provision must bring himself clearly within such provision.   p. 397.

3. CONSTITUTIONAL LAW.—*Intoxicating Liquors.—Remonstrance. —Statutes.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905) is constitutional.   *Cain* v. *Allen,* 168 Ind. —, followed. p. 398.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Application by George B. Jones for license to sell intoxicating liquors, against which Jacob Alexander and others remonstrate.   From a judgment for remonstrants, the applicant appeals.   *Reversed.*

*D. F. Brooks,* for appellant.

*Shively & Switzer, J. F. Lewis* and *L. H. Oberreich,* for appellees.

JORDAN, J.—Three days before the beginning of the regular June session, 1905, of the board of commissioners of Wabash county, Indiana, a general or "blanket" remonstrance, as authorized by section nine of the Nicholson law as amended by the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), purporting to be signed by a majority of the legal voters of Liberty township, in said county, was filed with the auditor, whereby the signers remonstrated against the granting of a license to any applicant to sell intoxicating liquors in said township.   The board of commissioners at said session took action upon said remonstrance, and

made a finding that the persons whose names were signed thereto were legal voters at the time of its filing, and that it contained the signatures of a majority of the voters of said township. No application had been made by any person for a license to be granted to him at said session of the board, and no notice had been given by any person that he would apply for a license at said session.

At the August session, 1905, of said board, appellant, after giving the notice exacted by the license law of 1875 (Acts 1875 [s. s.], p. 55, §3, §7278 Burns 1901), filed the application herein involved, whereby he sought to secure a license to sell intoxicating liquors at Lafontaine, in said Liberty township. The board at said August session declined to hear any proof on the part of the applicant in regard to his right to a license, but dismissed his application on the ground that it had been ousted of jurisdiction in the matter by the finding of said board, entered of record as heretofore stated, at said June session. From this decision he appealed to the circuit court.

After much maneuvering in the proceedings before the court, the filing of demurrers and appearances of certain persons as friends of the court who were permitted to file an answer, to which a reply was filed, etc., the cause was submitted to the court for trial, and, after hearing the evidence, the court found against appellant, and that the board of commissioners, in which the proceedings were instituted, had no jurisdiction over the matter therein, and no authority to grant such license to said appellant, and that said application ought to be dismissed. It was ordered dismissed, and a judgment was rendered in favor of appellees for costs. Appellant moved for a new trial, assigning the statutory causes. This motion was overruled, to which ruling he excepted, and an appeal was taken to this court. The ruling of the court upon the motion for a new trial is one of the errors assigned.

The evidence in the case discloses that appellant made proof of the notice which he gave, and of his fitness to be entrusted with a license under the provisions of the act of 1875, *supra.* Appellees at the trial in the lower court, in order to defeat the granting of a license to appellant, appear to have relied upon the finding made by the board of commissioners at the June session, 1905, in the *ex parte* proceeding on said remonstrance to establish the fact that it was signed at the time of its filing by a majority of the legal voters of said Liberty township. Aside from such finding as it appeared of record, no other evidence was introduced upon the trial to establish that the remonstrance had been so signed at the time it was filed with the county auditor. The right to file the remonstrance here involved by appellees was awarded to them by section nine, *supra,* as amended. Such right, therefore, being wholly statutory, could be exercised only by the persons designated by the statute. Consequently the burden rests upon appellees, as remonstrators under the statute in question, to show that at the time the remonstrance was filed it responded to the requirements of the statute, for the rule is well affirmed that in an action or proceeding wherein a person or persons seek to avail themselves of a right conferred by a statute, the burden is cast upon them to bring themselves by the facts established substantially within its provisions. *Goodwin* v. *Smith* (1880), 72 Ind. 113, 37 Am. Rep. 144; *Massey* v. *Dunlap* (1896), 146 Ind. 350; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, 664, and authorities there cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185.

The action of the board of commissioners, under the circumstances herein, in assuming to take jurisdiction at its June session, 1905, and in making the finding and order which it did, was unauthorized, and, therefore, as held in *Cain* v. *Allen* (1907), 168 Ind. —, in all respects was a

nullity, and entitled to no consideration whatever. The constitutional validity of the act here involved is assailed upon virtually the same grounds as those advanced and urged in *Cain* v. *Allen, supra.* The validity of the law in controversy was upheld in the latter appeal, and that decision must rule that question and the questions presented in this case. As there is an entire absence of any evidence to establish that the remonstrance, at the time of its filing, had been signed by a majority of the legal voters of Liberty township, as the statute exacted, it must therefore follow that the decision of the trial court is not sustained by the evidence, and appellant's motion for a new trial should have been granted.

The judgment is therefore reversed, and cause remanded, with instructions to the lower court to grant appellant a new trial, and for further proceedings not inconsistent with this opinion and the holding in the case of *Cain* v. *Allen, supra.*