Lanham *v.* Woods—167 Ind. 398.

---

## LANHAM *v.* WOODS ET AL.

[No. 20,820. Filed November 27, 1906.]

1. CONSTITUTIONAL LAW.—*Intoxicating Liquors.*—*Remonstrance.* —The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), giving the voters of any township or city ward the right to prevent by remonstrance the issuance of a license to retail intoxicating liquors in such township or ward, is constitutional. *Cain* v. *Allen,* 168 Ind. —, followed.   p. 400.

2. INTOXICATING LIQUORS. — *License.* — *Remonstrance.*—*Appeal and Error.*—An appeal from a judgment of the board of commissioners dismissing an application for the sale of intoxicating liquors is not from the *ex parte* prior proceeding adjudging sufficient a remonstrance theretofore filed against the issuing of any license in the appellant's township or ward.   p. 401.

3. SAME. — *License.*—*Remonstrance.*—*Procedure.*—Remonstrants under §7283i Burns 1905, Acts 1905, p. 7, are adverse parties to an applicant for liquor license subsequently filing an appli-

cation in the township or ward covered by such remonstrance; and such applicant is entitled to a hearing on his application and to question the validity of such remonstrance.   p. 401.

4.   INTOXICATING LIQUORS.—*Application.—Remonstrance.—Appeal and Error.*—Under §7280 Burns 1901, Acts 1889, p. 288, applicants and remonstrants in proceedings to obtain liquor licenses have the right of appeal from an adverse decision.   p. 401.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Application by George B. Lanham, against which William J. Woods and others remonstrate. From a judgment for remonstrants, the applicant appeals.   *Reversed.*

*Albert C. Pearson,* for appellant.

*J. F. Lewis* and *David McMath,* for appellees.

JORDAN, J.—The facts in this case disclose that at the regular February session, 1906, of the board of commissioners of Hamilton county, Indiana, appellant, having given the required notice of his intention to apply at said session for a license to retail intoxicating liquors, under the license law of 1875 (Acts 1875 [s. s.], p. 55), applied to said board for a license to be granted to him to sell such liquors at a place in Adams township, in said county. On the Friday prior to the first Monday in February, 1906, on which day said February session of the board commenced, a general remonstrance, purporting to be signed by a majority of the legal voters of said Adams township, was filed with the county auditor. This remonstrance was based upon section nine of the Nicholson law, as amended by the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905). By said remonstrance the persons whose names were signed thereto remonstrated against the granting of a license to any person for the sale of intoxicating liquors in said Adams township. Proceedings appear to have been had before the board upon appellant's application, and the board, after being duly advised, it appears, made an order dismissing the application and denying the license. From this decision appellant, within the time and

in the manner required by §7280 Burns 1901, Acts 1889, p. 288, appealed to the Hamilton Circuit Court. In the latter court appellees, being the persons who signed said remonstrance, appeared by their attorney and filed a motion to dismiss appellant's appeal for the following reasons: (1) The court had no jurisdiction to try and determine the appeal; (2) appellant was not a party to or against said remonstrance filed with the auditor of Hamilton county, Indiana, on February 2, 1906; (3) the statute regulating appeals from the action of the board of county commissioners had not been complied with by appellant; (4) the record in the case shows no right of appeal by appellant. This motion, without any evidence being submitted or heard in the matter, the court sustained, and dismissed the appeal and rendered judgment for costs against appellant. From this judgment he appeals to this court, and assigns error upon the ruling of the court in dismissing the appeal.

Among other things, appellant assails the constitutional validity of section nine as amended by the aforesaid amendatory act. The questions which he presents 1. on this point, however, were decided adversely to his insistence in the appeal of *Cain* v. *Allen* (1907), 168 Ind. —. He earnestly insists that he, under the law, was authorized to prosecute an appeal from the order or judgment of the board of commissioners to the circuit court, and was, therefore, entitled to a hearing in that court. On the other hand, counsel for appellees argue and insist that the proceedings had before the board of commissioners on the remonstrance in question were *ex parte* under section nine, and that appellant, not being a party thereto, had no right to take an appeal to the circuit court. It is further contended that no appeal from the board of commissioners in its decision in the matter of appellant's application is authorized by said section nine as amended, and that, therefore, the circuit court had no right to assume jurisdiction over the appeal, and that the decision of the

board of commissioners was conclusive upon all the questions in regard to said remonstrance, and, therefore, there was nothing in respect thereto to be heard and determined in the circuit court.

No question is raised or presented that appellant did not give the required notice provided by law of his intention to file his application. The action of the court in dismissing the appeal is justified by counsel for appellees on the ground that, under the provisions of said section nine as amended, appellant had no right to take an appeal from the decision of the board of commissioners, in the proceedings instituted by him to obtain a license. The appeal taken by appellant was not from an order or judgment of the board in an ex parte proceeding, but was prosecuted from the order of the board in dismissing his application for a license in which proceedings the remonstrance was a document, and appellant was under the law entitled to a hearing thereon. Cain v. Allen, supra. The remonstrators had instituted no independent proceeding by filing their remonstrance; thereby they made themselves adverse parties to appellant in said action. Section 7280, supra, expressly grants to an aggrieved applicant or remonstrator the right of appeal to the circuit court from the decision of the board of commissioners in granting or refusing a license to retail intoxicating liquors. In Wilson v. Mathis (1896), 145 Ind. 493, in considering whether the provisions of the act of 1895 (Acts 1895, p. 248, §7283a et seq. Burns 1901—the same being the Nicholson law) deprived an applicant, in a proceeding for a liquor license, of the right to take an appeal from the decision of the board of commissioners to the circuit court under §7280, supra, the court said: "We recognize nothing in section nine [Acts 1895, p. 248], or any other of the provisions of the act of 1895, which can be said to change, impair, or destroy this right which is expressly given under

the section above cited. It follows, therefore, that it still exists." To the same effect is *Wilson* v. *Karst* (1896), 145 Ind. 697. In *Ludwig* v. *Cory* (1902), 158 Ind. 582, the right of appeal from the decision of the board of commissioners, by an applicant for a license, is expressly recognized. There is nothing in section nine as amended, under the construction accorded to it by this court in *Cain* v. *Allen, supra,* which can be said to deny appellant the right of appeal from the decision of the board of commissioners in this case. That he had such right is fully sustained by the decisions above cited.

It follows that the court erred in dismissing his appeal, for which error the judgment is reversed, and the cause remanded, with instructions to the trial court to reinstate the cause on the docket and to overrule the motion to dismiss.