## In re Burns.

[No. 21,261.   Filed April 7, 1909.]

1. INTOXICATING LIQUORS.—*Application for License.—Description.*—The description, "The south room, fifty feet east and west and sixteen feet north and south on the ground floor over the basement of the two-story brick building, situate upon the following described premises in the city of Martinsville, Morgan county, Indiana, to wit: Lot No. 2 in Block No. 24, in the original plat of the town, now city, of Martinsville," in an application for a license to retail intoxicating liquors, is sufficient under §8318 Burns 1908, §5314 R. S. 1881, requiring applicants to state, in their applications, the "precise location of the premises." p. 139.

2. INTOXICATING LIQUORS.—*Applicants.—Residence.*—Under §8331 Burns 1908, Acts 1895, p. 248, §8, an applicant for a license to retail intoxicating liquors is not required to be a resident of the city ward in which he desires to sell, residence in the township being the requirement. p. 140.

From Morgan Circuit Court; *Joseph W. Williams*, Judge.

Application by Andrew J. Burns for a liquor license. From a judgment denying the application, the applicant appeals. *Reversed.*

*Whitaker & McGinnis,* for the applicant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Henry M. Dowling* and *Edward M. White, contra.*

MONTGOMERY, J.—Appellant's application to the Board of Commissioners of the County of Morgan for a license to sell intoxicating liquors was denied, and he appealed to the circuit court. A hearing was had in the circuit court, and the license was again refused.

Error is assigned upon the overruling of his motion for a new trial.

The contested questions are: (1) The sufficiency of the notice of appellant's intention to apply for license; (2) whether an applicant must reside in the ward in which his business is to be conducted.

The statute requires that the notice of application shall state the "precise location of the premises" in which the applicant desires to sell. §8318 Burns 1908, §5314 R. S. 1881. The location of the premises as described in the notice given by appellant was as follows:

"The south room, fifty feet east and west and sixteen feet north and south, on the ground floor over the basement of the two-story brick building, situate upon the following described premises in the city of Martinsville, Morgan county, Indiana, to wit: Lot No. 2 in Block No. 24, in the original plat of the town, now city, of Martinsville."

In *Kunkel* v. *Abell* (1908), 170 Ind. 305, in deciding a similar question, this court said: "A correct and precise description of the location of the town lot, or part thereof, upon which is situate the building containing the room which the applicant proposes to use as a salesroom, is a description of the location of the premises, sufficiently precise within the meaning of §8318 Burns 1908, §5314 R. S. 1881."

The description of the premises in appellant's notice is clearly sufficient upon the authority of that case, and it is accordingly so held.

An applicant for license must be an inhabitant of this State, and it is further provided, with respect to residence, that no license shall be issued unless the applicant shall have been "a continuous resident of the township in which the application for license is made, at least ninety days' time prior to the time of application." §8331 Burns 1908, Acts 1895, p. 248, §8. It has been suggested that the words "or ward" should be inserted or read into the statute immediately following the word township in the quotation just given. The whole subject was within the control of the legislature, and it was its province to impose upon applicants such restrictions as to residence as were deemed proper. We must presume that it did so, and are not warranted in assuming legislative functions and adding restrictions which that department has not seen fit to prescribe. Appellant clearly established all the qualifications necessary to entitle him to the license for which application was made, and the decision of the court is not sustained by evidence and is contrary to law.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Jordan, C. J., did not participate in the decision of this case.