## ADAMS ET AL. *v.* SMITH.

[No. 21,436.    Filed January 26, 1910.]

1. INTOXICATING LIQUORS.—*Applications.*—*Description of Room.*—A description of the room, wherein the applicant for license desires to retail intoxicating liquors, which sets out the number of the lot, minutely sets out the building and floor in which the room is located, and describes the room by measurement, is sufficient. p. 399.

2. INTOXICATING LIQUORS.—*Remonstrances.*—*Challenge.*—A verified challenge against certain remonstrators is sufficient, though the rejection of the challenged remonstrators would not reduce the number of remonstrators to less than a majority. p. 400.

3. INTOXICATING LIQUORS.—*Remonstrances.*—*Burden of Proof.*—*Evidence.*—Under §8333 Burns 1908, Acts 1907, p. 281, the fact of filing a remonstrance constitutes *prima facie* evidence that the names thereto were lawfully attached, that the signers are legal voters, and qualified to remonstrate, but does not obviate proof by remonstrators that the signers constitute a majority of the voters in the township or ward. pp. 401, 402.

4. INTOXICATING LIQUORS.—*Procedure.*—The procedure in reference to the granting of licenses to retail intoxicating liquors is special and should be followed. p. 401.

5. INTOXICATING LIQUORS.—*Remonstrances.*—*Challenges.*—An applicant for a license to retail intoxicating liquors can challenge a remonstrance only by a verified pleading pointing out the specific objections to the signers. p. 401.

6. INTOXICATING LIQUORS.—*Remonstrances.*—*Challenge.*—*Authority of Attorney in Fact.*—In a proceeding to obtain a license to retail intoxicating liquors, a challenge to a remonstrance, alleging that the person purporting to have signed the names of the remonstrators was not authorized to do so, and that the same is not their remonstrance, is sufficient, the question of fact presented thereby being whether the names were authorized at the time the remonstrance became effective upon its filing. p. 401.

7. INTOXICATING LIQUORS.— *Remonstrances.*— *Withdrawals.*— Remonstrators cannot withdraw from a remonstrance after the filing thereof on Friday preceding the regular session of the board of commissioners on Monday. p. 401.

8. INTOXICATING LIQUORS.— *Remonstrances.*— *Time for Filing.*— A remonstrance against the granting of a license to retail intoxicating liquors may be filed at any time before midnight of the Friday preceding the regular session of the board of commissioners on Monday. p. 403.

9. APPEAL.—*Reversal.*—*Costs.*—On reversal, all costs accruing subsequently to the ruling because of which the reversal was ordered should be taxed against the appellee. p. 403.

From Saint Joseph Superior Court; *Eli F. Seebirt,* Special Judge.

Application by Charles A. Smith for license to retail intoxicating liquors, against which C. Adams and others remonstrate. From a judgment for the applicant, remonstrants appeal. *Reversed.*

*Deahl & Deahl* and *C. C. Raymer,* for appellants.

MYERS, J.—Appellee gave the statutory notice and filed an application for a liquor license at the September session, 1908, of the Board of Commissioners of the County of Elkhart. The notice and application described the place where sales were contemplated, as "located on the first, or ground, floor, being the main business floor, of the three-story brick building known and designated as No. 200 South Main street in said city, and situated on the northwest part of lot No. 54, in Beardsley's first addition to the town of Elkhart, Elkhart county, Indiana, which said room on the first or ground floor of said building, where said liquors are to be sold and drunk, is more particularly described as follows: Commencing on the inside of the northwest corner wall of said building, thence running easterly along said wall forty-nine feet, nine inches, to a wall; thence running southerly along said wall twenty-two feet, six inches, to the south wall of said building; thence running westerly along said wall sixteen feet, three inches, to

a wall; thence northerly along a wall four feet, nine inches; thence westerly along a wall twenty-nine feet, six inches, to a wall; thence northerly along a wall to the place of beginning; the room before described being the ground, or first floor room situate in the northwest part of said building, which said room fronts on South Main street in the city of Elkhart, Indiana, the same being a public highway in the city of Elkhart,'' etc.

A demurrer was unsuccessfully interposed to this application, and error is here assigned upon that ruling, and error is also assigned that the application does not state facts sufficient to constitute an application.

The particular ground of objection is that the room in which sales are proposed to be made is not sufficiently described, and reliance is placed upon the case of *Mace* v. *Smith* (1905), 164 Ind. 152. The location of the premises and of the room in the building, and a specific description of the room, are given within the rule laid down in the cases of *Mace* v. *Smith, supra, In re Burns* (1909), 172 Ind. 138, *Miller* v. *Resler* (1909), 172 Ind. 320, and *Kunkel* v. *Abell* (1908), 170 Ind. 305.

On Friday, August 2, 1907, a general remonstrance against the granting of a liquor license in the Third ward of the city of Elkhart was filed in the auditor's office of Elkhart county. Appellee challenged this remonstrance by a verified pleading in six specifications. License was denied by the board of commissioners, and the cause was appealed to the Elkhart Circuit Court, from which the cause was venued to the St. Joseph Superior Court, and in the latter court demurrers were sustained to the first and fourth, and overruled as to the second, third, fifth and sixth specifications, and errors are assigned upon the rulings.

The second specification of challenge to the remonstrance alleges that certain named persons were not, at the

2. time of filing the remonstrance, legal voters of the ward, and did not possess the right to sign the re-

monstrance, and the objection urged to this paragraph is that it does not answer the whole remonstrance, the specific objection being that it does not negative the presumptions which the statute attaches to the remonstrance itself, and does not meet the fact as to whether there was a valid majority without the names challenged, nor as to whether the remonstrance was a valid remonstrance as to appellee at the time of his application. The burden is upon the remonstrators to show that they constitute a majority of the legal voters of the ward. *Jones* v. *Alexander* (1906), 167 Ind 395, and cases cited.

By §8333 Burns 1908, Acts 1907, p. 281, the fact of the filing of a remonstrance is *prima facie* evidence that the names are regularly, properly and lawfully attached and signed, that the signers are legal voters and qualified to remonstrate, but it does not obviate proof that they constitute a majority of the legal voters, and that proof must be made in each case, when challenge is made. *Cain* v. *Allen* (1907), 168 Ind. 8.

The proceeding is special, and so far as the procedure is defined in the statute, it is to be followed The challenge which the statute provides is as to the right to sign, and the legal qualifications of the remonstrators. It is not intended that the ordinary rules of pleading, under which the challenge shall be a complete defense to the remonstrance, shall obtain. The reason is apparent. The burden is on the remonstrators to show that they constitute the requisite majority, and there is no presumption as to that question when challenge is made; but challenge can only be made by pointing out the specific objection to the signers, so that each party may know the issue to be contested, and there is no presumption either way, but it is a question of proof. If there is not proof that a majority of the legal voters have signed the remonstrance, it fails, and proof of any less number of disqualified

signers than will reduce the qualified remonstrators below a majority is of no avail.

The statute does not contemplate pleadings as in civil actions generally; even the remonstrance, in analogy to ditch remonstrances, is not in the strict sense of the term an answer, as used in the civil code. *Thorn* v. *Silver* (——), 174 Ind. —; *Cochell* v. *Reynolds* (1900), 156 Ind. 4; *Sauntman* v. *Maxwell* (1900), 154 Ind. 114.

Contest is permitted when challenge is made by the applicant as to particular names on the remonstrance, but proof of the requisite number of legal voters must still be

3. made, and it is not ground for objection to the challenge of particular names that such challenge does not also show that the persons challenged, if the challenge is sustained, would reduce the number below a majority of the legal voters, or that the remonstrance was invalid as to the particular applicant, for, as to the last proposition, the burden is upon the remonstrators, and is fixed by statute (§8332 Burns 1908, Acts 1905, p. 7), and depends upon the date of filing the remonstrance and the date of application.

The third paragraph of challenge is that "John S. Schafer, who purports to have signed said respective names to said remonstrance, was not authorized to do so by said

6. respective parties; that each of said persons did not execute and file said remonstrance, and that the same is not their respective remonstrance." The objection urged to this challenge is "that an act done without authority may be subsequently ratified; this is true of a signature without authority." If the signatures were authorized when the remonstrance became effective, they could not be thereafter withdrawn. If they were not authorized when

7. the remonstrance became effective, they could not become effective by subsequent ratification. Whether the names were signed by authority, or were lawfully withdrawn before the remonstrance became effective, were ques-

tions of fact. *Lee* v. *Shull* (1909), 172 Ind. 309. The status of the signers of a remonstrance is fixed when the remonstrance becomes effective; but whether it ever becomes effective for lack of authorized signatures is a question which may be challenged, although, in the absence of challenge, the presence of the signatures is *prima facie* evidence of their proper attachment and legal qualification. And while the statute makes no specific provision for contesting the authority for the attaching of names, it clearly contemplates the filing of a remonstrance directly by the signers, or by some person or persons properly authorized, and if not authorized, of course it is not the act of the party, and is not his remonstrance. The challenge was properly made.

The fifth challenge is on the ground that the names were signed by the attorney in fact at 6 o'clock p. m., Friday, August 2, 1907, and filed in the auditor's office at 9 o'clock p. m. on said day. We have not been favored with a brief on the part of the appellee, and it is asserted in appellants' brief that this challenge was held good on the ground that a general liquor remonstrance must be executed and ready for filing not later than Thursday before it is filed. This position is clearly untenable. The remonstrance may be filed up to midnight of Friday, and it is immaterial when the signatures are attached, so that they are authoritative, thus rendering the remonstrance effective when filed. The question is fully covered in the case of *Lee* v. *Shull, supra*. This holding of the court is asserted as the ground for defeating the remonstrance, and was clearly error. License was granted appellee for one year from January 30, 1909.

For the error upon the ruling upon demurrer to the fifth paragraph of challenge to the remonstrance the judgment is reversed, with instructions to the court below to set aside the order granting appellee a license, and to sustain the demurrer to the fifth cause of challenge, and to tax all costs back to that ruling to appellee.