## SCANLON *v.* DEUEL ET AL.

[No. 21,736.    Filed March 31, 1911.    Rehearing denied June 23, 1911.]

1.  INTOXICATING LIQUORS.—*License.*—*Civil Action.*—A proceeding to obtain a license to sell intoxicating liquors is a judicial proceeding and constitutes a civil action.    pp. 210, 211.

2.  VENUE.—*Change of.*—*Intoxicating Liquors.*—*License.*—After an application for liquor license has been appealed from the board of commissioners to the circuit, or the superior court, a change of venue from the county is demandable.    pp. 210, 211.

3.  INTOXICATING LIQUORS.—*License.*—*Appeal from Board of Commissioners.*—Either party to a proceeding to obtain a license to sell intoxicating liquors may appeal from an adverse decision of the board of commissioners thereon.    p. 210.

4.  VENUE.—*Change of.*—*Formation of Issues.*—Though a motion for a change of venue may be held in suspense until the issues in the case are closed, it is not erroneous to grant the change without closing the issues.    p. 211.

5.  INTOXICATING LIQUORS.—*Remonstrances.*—*Burden of Proof.*—The burden of disproving that a remonstrance, in a license proceeding, was regularly and lawfully signed, that the signers were legal voters, and that they were legally qualified to sign the remonstrance, is upon the applicant; and this must be done by the filing of a verified pleading specifically setting out the objection to the signer so that each party may know the issue to be contested.    p. 211.

6.  INTOXICATING LIQUORS.—*Remonstrances.*—*Objections.*—*Motions to Make Specific.*—Where the verified objections to a liquor remonstrance state that such remonstrance was secured by fraudulent representations and deceit, the sustaining of a motion to make such objections more specific by showing who made the fraudulent representations, is not erroneous.    p. 214.

7.  PLEADING.—*Making More Specific.*—*Subsequent Amendment.*—Erroneously sustaining a motion to make a pleading more specific is harmless, where the pleading is subsequently amended and where a demurrer is sustained to the amended pleading.    p. 214.

8.  APPEAL.—*Briefs.*—*Points.*—Alleged errors not contained in appellant's "points" in his brief are waived.    p. 214.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Application by James P. Scanlon for license to retail intoxicating liquor, against which George E. Deuel and others remonstrate. From a judgment for remonstrants, applicant appeals. *Affirmed.*

*Leonard, Rose & Zollars,* for appellant.

*William H. Matthew* and *Otto J. Bruce,* for appellees.

MONKS, J.—Appellant brought this proceeding before the commissioners of Lake county in March, 1909, to obtain a license to sell intoxicating liquors at retail. On May 1, 1908, a general remonstrance against the granting of a license "to all applicants" was filed under the provisions of §8332 Burns 1908, Acts 1905 p. 7.

Appellant challenged this remonstrance, by a verified pleading in six paragraphs, under §8333 Burns 1908, Acts 1907 p. 281.

The board of commissioners found that said remonstrance was signed by a majority of the legal voters of the township, and rendered judgment against the applicant and in favor of the remonstrators as required by §8332, *supra.*

From this judgment the appellant appealed to the Lake Superior Court, where he applied for a change of judge, on account of the alleged bias and prejudice of said judge, as provided for in §422, subdv. 7, Burns 1908, §412 R. S. 1881. This application was sustained, and another judge was called to sit in said cause.

Afterwards appellees filed an application for a change of venue, which was granted, and the case was sent to the court below, where it was tried and a finding made that said remonstrance was signed by a majority of the legal voters of said township, and, over a motion for a new trial filed by appellant, judgment was rendered against him. From said judgment he appealed to this court and assigned errors.

It is first insisted that the Lake Superior Court erred in

granting appellees a change of venue from Lake county under §422, *supra*, for the reason that "the question presented by the remonstrance is purely jurisdictional which the court must determine, and it is only when such question is determined against the remonstrators that the court has jurisdiction to try the case upon its merits."

It has been held by this court that an application for a liquor license is "a judicial proceeding," "a civil action." *Castle* v. *Bell* (1896), 145 Ind. 8, 9, 11, and cases cited; *Wilson* v. *Mathis* (1896), 145 Ind. 493, 494; *Cochell* v. *Reynolds* (1900), 156 Ind. 14, 15; *Ludwig* v. *Cory* (1902), 158 Ind. 582, and cases cited; *State* v. *Gorman* (1908), 171 Ind. 58, 61; *State* v. *Vierling* (1870), 33 Ind. 99; *Blair* v. *Vierling* (1870), 33 Ind. 269; *Halloran* v. *McCullough* (1879), 68 Ind. 179; *List* v. *Padgett* (1884), 96 Ind. 126, 129; *Bryan* v. *DeMoss* (1905), 34 Ind. App. 473, 475; Woollen, Trial Proc. §3441.

It has been held that after an application for a liquor license had been appealed from the board of commissioners to the circuit or the superior court, a change of venue may be taken from the county by either party under §422, *supra*, that provides for changes of venue from the county in civil cases (*State* v. *Vierling, supra; Blair* v. *Vierling, supra; Weakley* v. *Wolf* [1897], 148 Ind. 208, 219-221; *In re Griffin* [1904], 33 Ind. App. 153-155, and cases cited; Woollen, Trial Proc. §3441); that when a remonstrance is filed under §9 of the law known as the Nicholson law, as amended in 1905 (§8332 Burns 1908, Acts 1905 p. 7), either the applicant or the remonstrators may appeal from an adverse judgment of the board (*Wilson* v. *Mathis* [1896], 145 Ind. 493; *Head* v. *Doehleman* [1897], 148 Ind. 145; *Lanham* v. *Woods* [1906], 167 Ind. 398, 401, 402, and cases cited; *Cain* v. *Allen* [1907], 168 Ind. 8, and cases cited).

It is evident that the filing of a remonstrance under

§8332, *supra,* does not change such proceeding from a 1. civil action to any other kind of action; neither does the fact that the questions presented by the remonstrance under §8332, *supra,* are to be determined by the court without a jury affect the right to a change of 2. venue, for the reason that the right to have a change of venue from the county under §422, *supra,* does not depend upon whether the cause can or may be tried by a jury. *Powell* v. *Powell* (1885), 104 Ind. 18; *Evans* v. *Evans* (1885), 105 Ind. 204. Changes of venue from the county have been granted in liquor license cases where, as in this case, the only remonstrance was under §8332, *supra. Ludwig* v. *Cory, supra; Lee* v. *Shull* (1909), 172 Ind. 309; *Adams* v. *Smith* (1910), 173 Ind. 398, 400.

The Lake Superior Court did not err in granting the change of venue from Lake county. While it might have been proper for the court to suspend action on appellee's 4. motion for a change of venue from Lake county until the issues on the exceptions to the remonstrance were closed (*Galey* v. *Mason* [1910], 174 Ind. 158), it was not error to grant the change of venue before said issues were closed.

It is next insisted by appellant that the court erred in sustaining appellees' motion to require him to make the first paragraph of his verified pleading, which denied 5. the legal qualifications of the remonstrators named in said paragraph, more definite and certain, by stating specifically what particular qualification each named remonstrator did not possess that was necessary to constitute him a voter at the time said remonstrance was filed. The statute authorizing the filing of said verified pleading was enacted in 1907 (Acts 1907 p. 281, §8333 Burns 1908). Before the enactment of said act it was held by this court that the burden of proving that the remonstrance came within the requirements of §8332, *supra,* rested upon the remonstrators. *Jones* v. *Alexander* (1906), 167 Ind. 395.

The rule as declared in said case was abrogated by the act of 1907, *supra,* and under its provisions the remonstrance itself when filed becomes *prima facie* evidence that the names of the persons signed thereto were regularly and lawfully signed, and that such person or persons at the time the remonstrance was filed were legal voters of the township in case the remonstrance is filed against the traffic in intoxicating liquors in the township, or that they were legal voters of the city ward in case such remonstrance is directed against the traffic in intoxicating liquors in the ward of a city, and that each and all the remonstrators were legally qualified to sign the remonstrance.

But if the applicant files a pleading verified by him, challenging the voting qualifications of certain specified remonstrators, or the authority of the persons who have acted for them in signing or attaching their names to the remonstrance, the burden is upon the remonstrators to establish the existence of such voting qualifications of the challenged remonstrators as are so denied under oath by the appellant, and the authority of the persons by whom the names were signed to the remonstrance, whose authority is so denied under oath by appellant. *Miller* v. *Resler* (1909), 172 Ind. 320, 326, 327; *Adams* v. *Smith* (1910), 173 Ind. 398.

It was said in the case of *Miller* v. *Resler, supra,* at page 327: "This verified pleading is required to be definite in respect to each of the remonstrators challenged, and fully to set forth the grounds of the challenge, in order that the remonstrators may thereby be apprised of what they are expected to meet or rebut."

This court in the case of *Adams* v. *Smith, supra,* said concerning the verified pleading challenging the legal qualifications of the remonstrators to sign said remonstrance: "But challenge can only be made by pointing out the specific objection to the signer so that each party may know the issue to be contested."

A person must possess a number of qualifications to be a

voter, and the lack of any one of them disqualifies him from being a voter, the same as if he lacked them all. If only one disability is specifically alleged as to each remonstrator named in the verified pleading, the evidence would be limited to the disability alleged.

If the applicant does not have knowledge sufficient to enable him to make oath to a pleading setting out the particular disabilities that disqualify a remonstrator from being a voter, he does not have sufficient knowledge to enable him to swear that said remonstrator is not a legal voter.

It is evident that the act of 1907, *supra,* was intended not only to limit the questions as to the sufficiency of a remonstrance under §8332, *supra,* to those specifically alleged in the pleading under oath by the appellant, but thereby to simplify the issues, lessen the number of witnesses, shorten the trial of said cause and expedite the business of the court. This being the purpose of said act of 1907 it is clear that the court did not err in sustaining appellees' motion to make the first paragraph of his verified pleading specific. *Adams* v. *Smith, supra; Miller* v. *Resler, supra.*

The court by sustaining said motion did not require appellant to plead his evidence, but required him to plead the particular disability or disabilities of each remonstrator challenged, relied on as a disqualification of such remonstrator as a voter. *Quinn* v. *State* (1871), 35 Ind. 485-488, 9 Am. Rep. 754, and cases cited.

Appellant cites the case of *Behler* v. *Ackley* (1909), 173 Ind. 173, to sustain his contention that the court below erred in sustaining said motion to make said first paragraph more specific. In that case, however, there was no motion to make the verified answer as to the qualifications of the remonstrators more specific, but the question was only as to the sufficiency of one of the special findings of the court. The case is not in point here.

It is next insisted by appellant that the court erred in sustaining appellees' motion to make appellant's amended

fifth paragraph of pleading more specific, definite and certain. Appellant says in the points stated in his brief, that "said paragraph is based on the question of securing the powers of attorney by fraudulent representations and by deceit." The court sustained a part of said motion, and required appellant to state, in said paragraph, the names of the persons who made the misrepresentations alleged in said paragraph. This ruling of the court was not erroneous, but if it were the record shows it to be harmless. Appellant again amended said fifth paragraph, as required by said ruling, by setting out the names of the persons who made said alleged misrepresentations, and filed it. The court afterward sustained a demurrer for want of facts to said last-mentioned amended fifth paragraph.

It is evident that if said paragraph was insufficient as against a demurrer for want of facts after said amendment, it was insufficient before said amendment was made, and that any ruling on the motion to make more specific before said amendment was made, even if erroneous, was harmless, and furnishes no ground for reversal.

Having disposed of all the questions contained in appellant's statement of points, and finding no available error (*Pittsburgh, etc., R. Co.* v. *Lightheiser* [1907], 168 Ind. 438; *Kelley* v. *Bell* [1903], 172 Ind. 590, 599), the judgment is affirmed.