The Midland Railway Company *v.* The Island Coal Company *et al.*

Filed Dec. 20, 1890.

---

No. 14,636.

THE MIDLAND RAILWAY COMPANY *v.* THE ISLAND COAL COMPANY ET AL.

PRACTICE.—*Actions.*— *Consolidation.*— *Stipulation for Continuance.*— Where two plaintiffs in suits against a corporation each sought a judgment on account and the appointment of a receiver, and the two actions were consolidated, an agreement by one of the plaintiffs, after the appointment of a receiver, for a stay of proceedings and a continuance, was not binding on the other, who was entitled to prosecute his claim to final judgment.

From the Boone Circuit Court.

*H. Crawford,* for appellant.

*F. Winter* and *J. B. Elam,* for appellees.

OLDS, C. J.—The appellee, the Island Coal Company, filed its complaint in the Boone Circuit Court against the appellant upon an account, alleging the insolvency of the appellant and other facts, and asking judgment for the amount due it, and for the appointment of a receiver.

The appellee, the Scranton Steel Company, also filed its

The Midland Railway Company *v.* The Island Coal Company *et al.*

·complaint in said court against the appellant on an account for $39,912.10, and alleging the insolvency of the appellant and other facts, and also asking for the appointment of a receiver.

By agreement of all the parties, as shown by the record, the two causes were consolidated. The court then made an order and rendered a judgment appointing a receiver, from which judgment appellant prayed an appeal and filed an appeal bond.

The appellant then moved for a stay of proceedings and a continuance of the cause as to both plaintiffs in the cause, and filed an affidavit in support of the motion, based upon a written agreement signed by the Island Coal Company, agreeing to stay proceedings in said cause for six months. The Scranton Steel Company was not a party to such agreement, and a counter-affidavit was filed on behalf of the Scranton Steel Company, made by the president of said company, showing said Scranton Steel Company had made no such agreement, and was in no way bound by the agreement made by the Island Coal Company. The motion was sustained by the court, and the cause continued as to the Island Coal Company, and overruled as to the Scranton Steel Company. The appellee then filed an answer to the complaint of the Scranton Steel Company, admitting the indebtedness sued for in the complaint, but denying the allegations in the complaint stating reasons for the appointment of a receiver. Thereupon the court rendered judgment for the amount admitted in the answer to be due the Scranton Steel Company, whereupon the appellant prayed an appeal from said judgment.

The appeal from both judgments is sought to be presented by the record in this case.

The principal questions discussed in appellant's brief relate to the appointment of a receiver, but on motion of the

appellee the appeal from the order and decree appointing a receiver has been dismissed, and there remains no real questions to be passed upon.

Objection is made to the sufficiency of the complaint, but it is clearly sufficient to sustain the judgment on the account, which is the only judgment appealed from, and no good purpose would be subserved by setting out its averments.

There is the further question presented as to the ruling of the court in overruling the motion to stay proceeding as to the Scranton Steel Company.

No objection was made to the consolidation of the two actions; the consolidation was ordered by the court on agreement of all the parties. The consolidation, no doubt, was made for the reason that both complaints asked for the appointment of a receiver; but notwithstanding such consolidation the rights of the plaintiffs in the two actions, as regards their claims against the appellant, remained separate and distinct, and separate and distinct proof had to be made of each claim; and in so far as the action was for judgment on the accounts of the respective parties, it was separate and distinct, and one plaintiff could not make an agreement in regard to it that would bind the other, and did not attempt to do so. By the agreement relied on, the Island Coal Company agreed that, in so far as it was concerned, it would not press its claim to judgment for six months, and as to it the case might stand continued. The appellant received all that he was entitled to, under his contract. There is no showing that any harm resulted from this ruling of the court.

If, when cases in favor of several parties plaintiff are consolidated, the plaintiff in one of the cases can suspend proceedings as to the whole case at his will, by agreement with the defendant, then a party having but a small claim, or perhaps, in fact, no legal or equitable claim at all upon which he is entitled to final judgment may, by a simple agreement relating to his own claim, postpone the case indefinitely, and

prevent other just creditors from prosecuting their claims to final judgment. We can not consent to this theory.

There is no error in the record.

Judgment affirmed, with costs.

