## SMYTH, AUDITOR, ET AL. v. THE STATE, EX REL. BRAUN.

[No. 19,482.   Filed January 10, 1902.   Rehearing denied April 9, 1902.]

APPEALS.—*From Commissioners' Court.—Jurisdiction of Circuit Court.*— On appeals from the county commissioners' court, the circuit court can only take cognizance of such questions as were properly presented before the commissioners, except so far as the issues there formed may be varied by such amendments as are permissible under the rules of practice.   p. 335.

HIGHWAYS.—*Free Gravel Roads.—Assessments.—Appeal from Commissioners.*—Assessments made by the board of commissioners for free gravel roads are separate and distinct judgments against the several parcels of land assessed, and a successful appeal by some of the parties affected does not vacate the assessments against the lands of those not appealing.   p. 336.

SAME.—*Gravel Road.—Assessments.—Conclusiveness.*—Where the original petition for a free gravel road is sufficient on its face, and the board of commissioners, after notice to landowners, and without remonstrance by them, adjudges the petition sufficient, such landowners are bound thereby.   p. 337.

SAME.—*Assessments for Gravel Road.—Appeal.—Presumption.*—Where a part of the landowners assessed for a free gravel road successfully appeal from the confirmation of the assessment, but it appeared that more than half of the total estimated cost had been expended before the appeal was decided, it will be presumed that those not appealing received adequate benefit.   pp. 337, 338.

SAME.—*Free Gravel Roads.—Assessments.—Duty of Auditor.*—Where assessments for the construction of free gravel roads have been confirmed by the county commissioners, it is the duty of the county auditor to spread the report upon the record, and to place such

assessments, not stayed by judicial process, upon a duplicate for collection, leaving the question of the validity of the assessments to the landowners.  *pp. 338, 339.*

From Benton Circuit Court; *J. M. Rabb*, Judge.

Mandamus by the State on the relation of George A. Braun against James D. Smyth, auditor, and others, to compel defendants to place on the tax duplicate certain assessments for the construction of a free gravel road. *Affirmed.*

*W. Isham* and *D. Fraser*, for appellants.
*S. P. Baird* and *C. M. Bright*, for appellee.

Hadley, J.—Such proceedings were had before the board of commissioners of Benton county for the establishment of a free gravel road under the act of March 3, 1877, §6855 *et seq.* Burns 1901, as resulted in the confirmation by the commissioners, on June 22, 1891, of the apportionment of the road's cost upon the lands benefited thereby. From this final order approving and confirming the assessments persons representing about eighty-five per cent. of the assessments appealed to the circuit court. The persons representing the other fifteen per cent. of the assessments, though properly notified of the various proceedings, made no appearance of any kind before the commissioners, and did not join in the appeal. In the circuit court a summons was duly issued and served on all parties assessed, who had not appealed, for more than ten days before the term, but they made no appearance in the circuit court, and took no part in the proceedings on appeal, so far as the record discloses. In the circuit court, upon satisfactory proof that the petition, at the time the report of the viewers apportioning the cost of the improvement was acted upon by the commissioners, did not contain the names of a majority of resident landowners, nor of the owners of a majority of acres reported as benefited, the assessment against the land of each party to the appeal was held to be void, and a judgment was rendered canceling the same. *Kirsch* v. *Braun*, 153

Ind. 247. The total estimated cost of the improvement was $20,000. On July 10, 1890, the commissioners ordered the sale of $12,000 of bonds in anticipation of the collection of the assessments. The bonds were sold in the open market for $12,193, cash. Of the amount thus realized $10,992 was actually expended in the partial construction of the road. For a detailed statement of the facts in the various proceedings before the board reference is made to *Kirsh* v. *Braun, supra.*

This action is brought by the appellee against the appellant Smythe, auditor of Benton county, to procure a peremptory writ of mandate to compel Smythe, as such auditor, to place upon the proper tax duplicate the assessments made by the commissioners which were unappealed from, the relator being the owner of certain due and unpaid bonds issued by the commissioners upon the faith and basis of the assessments ordered. The appellants, other than the auditor, being the persons interested in the assessments unappealed from, appeared to the action, and upon their request were admitted as parties defendant, and permitted to file a combination pleading, which is termed a several answer of the intervening defendants, and a return for the auditor to the alternative writ. Appellee filed two demurrers to said pleading, one for insufficiency of facts to constitute a return for the auditor, and the other for want of facts to constitute a defense for the intervening defendants. Both demurrers were sustained, and upon the refusal of the auditor and each of the other defendants to plead further the court rendered judgment ordering that a peremptory writ of mandate issue, commanding the auditor to place the assessments set out in the petition upon the tax duplicate. The errors assigned and presented call in question the action of the court in sustaining the demurrer to each the auditor's return and answer of the intervening defendants.

Deeming it to be to the interest of the litigants, we pass the technical questions as to the sufficiency of the plead-

ing as an answer or as a return for the auditor, which are vigorously controverted by the appellee, and proceed at once to a consideration of the principal question relied upon for reversal, namely: Did the judgment of the circuit court pleaded by appellants canceling and annulling the assessments of all appealing parties on the ground that the original petition for the improvement was not sufficiently signed by persons benefited, as required by §5 of the law (§6858 Burns 1901), have the effect of nullifying the entire gravel road proceeding, and thereby voiding the assessments of those who neither appeared before the commissioners nor joined in the appeal to the circuit court. Appellants other than the auditor urge that the judgment of the circuit court vacating assessments was effective as to them for two reasons: (1) Because, having been summoned by process issued out of the circuit court commanding them to appear to the proceedings on appeal in that court, and having had their names recorded as defendants in the action, they thereby became parties to the appeal, and entitled to the same relief as if they had joined in the appeal in the first instance; and (2) because the judgment of the circuit court annulling the assessments appealed from, having been founded on a finding that at the time of the pretended confirmation of the assessments by the commissioners the original petition was not subscribed by a majority of all the resident landowners and by those owning a majority of the acres of land benefited and liable to be assessed, amounted to a judicial declaration of a want of jurisdiction in the commissioners to make any assessments at all, and the act being without authority, was therefore void, and incapable of sustaining an assessment.

1.  As to the first point, the purpose in view in bringing the non-appealing parties into the circuit court by summons is not disclosed by the record nor by the appellants' brief. The summons gave the circuit court jurisdiction over the persons of the appellants, but it is clear that it did not give

the court jurisdiction over the subject-matter of the assessments against their lands. The authority to establish free gravel roads under the act of 1877, and to levy and adjust assessments for their construction, is lodged with boards of commissioners as an original and exclusive power, and the only way circuit courts can acquire jurisdiction over such assessments, or other steps in proceedings of this character, is by appeal from the commissioners. The circuit court is not only destitute of original jurisdiction in such cases, but it is well settled that on appeal it can only take cognizance of such questions as were properly presented before the commissioners, except so far as the issues there formed may be varied by such amendments as are permissible under the rules of practice. *Forsyth* v. *Wilcox,* 143 Ind. 144; *Indianapolis, etc., R. Co.* v. *Hood,* 130 Ind. 594; *Budd* v. *Reidelbach,* 128 Ind. 145; *Wells* v. *Rhodes,* 114 Ind. 467; *Updegraff* v. *Palmer,* 107 Ind. 181. Appellants having failed to remonstrate or object to their assessments, or to any other proceeding before the commissioners, it becomes entirely immaterial what their relation to the appeal may be by virtue of the summons, since in any case the circuit court was powerless to exercise jurisdiction over their several assessments, or grant them a relief that was not sought before the proper tribunal.

2. It has been repeatedly held by this court that assessments made by boards of commissioners for the construction of free gravel roads are separate and distinct judgments against the several parcels of land assessed, and that a successful appeal on the identical grounds here alleged by some of the persons affected does not vacate the assessments against the lands of those not appealing. There being no community of interest in such assessments, and they being in the nature of separate judgments against the property of the several persons affected, those persons who feel aggrieved thereby must, each for himself, make such defense as he chooses. The law affords each person assessed

equal and ample opportunity to challenge the correctness
of any act of the commissioners; but one dissatisfied must
act promptly, and within the time and manner prescribed
by law, thus giving the commissioners a chance to right any
wrong done while in their power to do so. A person ag-
grieved cannot, in the hope of avoiding expense and attor-
neys fees, stand idly by and see the proceedings go forward,
and be afterwards permitted to share in the benefits secured
by the diligence of others. Not availing themselves of such
defense as the law provides, it will be conclusively presumed
that such persons are content, and have waived any irregu-
larity affecting them. For a lucid statement of the rule,
the reasons upon which it rests, and review of supportive
authorities, see *Cason* v. *Harrison,* 135 Ind. 330. It is
only where the petition for such an improvement is so
wholly insufficient as to form no basis or foundation for the
action of the board, and where it appears from the face of
the record that the commissioners acquired no jurisdiction of
the subject-matter, that the proceedings may be assailed out
of season, or in a collateral way. *Wells* v. *Rhodes,* 114
Ind. 467; *Breitweiser* v. *Fuhrman,* 88 Ind. 28; *Bowen* v.
*Hester,* 143 Ind. 511; *Board, etc.,* v. *Conner,* 155 Ind. 484.

In this case the petition was sufficient upon its face.
Whether, at the time of making the assessments, it was sub-
scribed by the requisite number of landowners to give the
commissioners authority to make them was a question which
the board was required to ascertain and settle. Having
adjudicated this question after notice to the appellants, and
without remonstrance or objection by them, they must be
held to be conclusively bound thereby. *Osborne* v. *Sutton,*
108 Ind. 443; *Jackson* v. *State,* 104 Ind. 516.

But it is argued that, since it appears that eighty-five
per cent. of the assessments were annulled by the circuit
court, leaving but fifteen per cent. available for the con-
struction of the road, it is thus affirmatively shown that the

improvement cannot be accomplished, and that the correlative benefits which lie at the root of the assessments cannot be realized, and that the exaction of the assessments without the reciprocal benefits is a taking of property without compensation, in violation of the Constitution. This contention must be met with the further fact that the record affirmatively shows that $10,992 of appellee's money—more than one-half of the total estimated cost of the improvement —was actually expended in the construction of a part of the road before said assessments were vacated, and it will be assumed, in the absence of anything to the contrary, that each of the appellants received adequate benefits from the part that was constructed. The pleading filed by the appellants was insufficient as an answer.

Was it sufficient as a return for the auditor? The duties of a county auditor are purely ministerial. He has no judicial function; no right to decide what he shall do or leave undone. The law specifically directs the things he shall do, and grants him no power to change, modify, or omit any of the acts commanded of him. It is his duty to record the proceedings of the board of commissioners and, in free gravel road cases, to enter upon the record the report of the committee appointed to apportion the cost of the improvement, showing how the estimated expense has been apportioned upon the lands ordered to be assessed as the same has been confirmed by the commissioners; and he shall place the assessments so made upon a special duplicate, to be provided by him at the expense of the county. §6860 Burns 1901. Under this statute, when the commissioners have considered the report, and decided that the apportionment of the expense has been fairly and equitably made, and have confirmed the same, it eo instanti becomes the plain and unequivocal duty of the auditor to spread said report upon the record, and to place said assessments, not stayed by judicial process, upon a duplicate for collection. What defense the property owners may have to the

assessments, or, if they have one, whether they will care to make it, is a matter of no legal concern to the auditor, and hence no ground for hesitation in the discharge of his duty. Even the board of commissioners, after having authorized the sale of bonds in anticipation of the collection of the assessments, and received and retained the proceeds of the bonds, would have had no right to direct an omission of the assessments from the duplicate on account of their assumed invalidity. Having sold the bonds, it was the duty of the commissioners, as well as of the auditor, to put the machinery of the law in motion for the collection of the assessments to enable them to pay the bonds as they had promised, leaving to the property owners the question of the validity of the assessments. *State, ex rel.,* v. *Stout,* 61 Ind. 143; *Wren* v. *City of Indianapolis,* 96 Ind. 206; *City of Greenfield* v. *State, ex rel.,* 113 Ind. 597. Furthermore, the facts set forth by the auditor as a return to the alternative writ asserting the invalidity of the assessments as an excuse for not putting them upon the duplicate, being the same facts pleaded by the landowners as a defense to the assessments, having been found insufficient as an answer, are necessarily insufficient as a return, for it is clear that the auditor can not defend for the landowners on the same facts in better right than they can defend for themselves.

Judgment affirmed.

Jordan, C. J., doubts.