## SANASACK v. ADER ET AL.

[No. 20,990. Filed February 20, 1907. Rehearing denied June 4, 1907.]

1. INTOXICATING LIQUORS. — *Remonstrances.* — *Appeal.* — *Subsequent Remonstrances.*—Where a remonstrance, under §7283i Burns 1901, Acts 1895, p. 248, §9, was filed against an applicant for license to retail intoxicating liquors, and he appealed from the order of the board of commissioners refusing such license, the remonstrants cannot defend in the circuit court on the ground that a remonstrance, under §7283i Burns 1905, Acts 1905, p. 7, against the traffic within such territory, was subsequently filed with such board and sustained. p. 561.

2. APPEAL.—*Boards of Commissioners.*—*Questions Presented in Circuit Court.*—Except the question of jurisdiction, no questions can be considered on appeal to the circuit court, that were not presented before the board of commissioners. p. 562.

3. INTOXICATING LIQUORS.—*Remonstrants.*—*Substituting on Appeal.*—Where a sole remonstrant contested, before the board of commissioners, an application for license to retail intoxicating liquors, another remonstrant cannot be substituted on appeal. p. 562.

4. SAME. — *Remonstrances Against Traffic.* — *Effect.*—A remonstrance, under §7283i Burns 1905, Acts 1905, p. 7, constitutes a defense against an application for license; and each applicant may contest the validity of same. p. 563.

5. NEW TRIAL.—*Trial on Wrong Theory.*—Where a case is tried upon a wrong theory, a new trial will ordinarily be awarded. p. 564.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Application by George Sanasack, against which Frank Ader and others remonstrate. From a judgment for remonstrants, the applicant appeals. Transferred from Appellate Court under §1337j Burns 1901, subdv. 2, Acts 1901, p. 565, §10. *Reversed.*

*John F. McHugh* and *C. E. Thompson,* for appellant.
*E. G. Hall,* for appellees.

GILLETT, J.—Appellant gave notice by publication of his intention to apply to the Board of Commissioners of the

County of Benton, at its February term, 1905, for a license to retail intoxicating liquors in the town of Fowler. More than three days before said term, a remonstrance was filed with the auditor, purporting to be signed by a majority of the legal voters of the township in which said town is situate, against the granting of such license. The matter coming on for hearing at said term, the board found that the remonstrance was signed by a majority of such voters, and thereupon entered an order dismissing appellant's petition. From this judgment he appealed. On June 16, 1905, while said cause was pending in the Benton Circuit Court, five of said remonstrators made application for leave to file, as a supplemental remonstrance in said cause, a remonstrance against the granting of a license to sell intoxicating liquors to any person in said township, which remonstrance, it was alleged, was filed with the auditor more than three days before the June session of said board, and upon which it was charged that the board, at said session, had adjudicated that it was signed by a majority of the legal voters of said township. Upon leave of court the so-called supplemental remonstrance was filed, and the motion of appellant to strike it out and his subsequent demurrer thereto for want of facts were each overruled. On issues made as indicated, the cause was tried by the court, and, upon request, the court found the facts specially and stated its conclusions of law thereon. The findings of fact show that appellant has the requisite qualifications to obtain a license, and the further findings are but an amplification of the facts concerning the second remonstrance and of the action of the board thereon. Two conclusions of law were stated, each being to the effect that appellant is not entitled to the license applied for. The errors assigned are sufficient to raise all questions.

Appellees' counsel argue at length concerning the authority of the General Assembly to regulate or to prohibit

the sale of intoxicating liquors to be drunk as a beverage, but as the license law of 1875 (Acts 1875 [s. s.], p. 55) gives the right to apply for such a license, while provision is made, both by said act and by subsequent statutes (§7278 Burns 1901, §5314 R. S. 1881), for a remonstrance, the question arises, not as to what the lawmaking power may do in the premises, but as to what it has done. It is true that while this cause was pending in the circuit court there went into force what is known as the Moore amendment to the Nicholson law (Acts 1905, p. 7, §7283i Burns 1905), but we cannot assert the right to file the new remonstrance merely on the ground that there was no opportunity to file it at the February term of the board of commissioners, for it is a question of fitting the Moore amendment into the procedure, and it is to be observed that so to hold would require us, by a parity of reasoning, to admit that in all cases hereafter arising it would at least be within the discretion of the court to permit a remonstrant to bring forward a cause of objection by way of remonstrance that had accrued after the cause had passed out of the jurisdiction of the board of commissioners. Neither the right to apply for a license nor the right by remonstrance to oppose the licensing of the traffic can be said to be other than a derivative right; both are in the nature of privileges which flow to the parties as the result of provisions made by the lawmaking power in dealing with the complexities of government. There is nothing, therefore, which should call for either a restricted or a liberal construction of any of the provisions of the statute involved. A remonstrance against the traffic, according to the act of 1905, is addressed to the board of commissioners, and the only check which the act imposes, so far as its express terms are concerned, is upon the power of the board. It would, therefore, seem reasonable that we should assume that it was the legislative intent that the remonstrance should actually confront the applicant when

he applies for a license. The right of either party to appeal from the order of the board is derived from another provision of statute, and it stands deeply impressed with the adjudications of this court as to the subsequent procedure.

While it is true that cases originating before the board of commissioners stand for trial *de novo* on appeal, yet it is a rule which has been generally applied in analogous proceedings that, with the exception of objections going to the jurisdiction, no question can be raised or tried on appeal which was not presented before the board of commissioners. *Strayer* v. *Taylor* (1904), 163 Ind. 230, and cases cited; *Strebin* v. *Lavengood* (1904), 163 Ind. 478. In *Metty* v. *Marsh* (1890), 124 Ind. 18, 24, it was said, relative to the right to file a remonstrance in the circuit court against the establishment of a gravel road: "It has so often been adjudged by this court in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on appeal to the circuit court, that but little can be said in elaboration of the principle." It was said by Elliott, J., in *Budd* v. *Reidelbach* (1891), 128 Ind. 145, concerning a proceeding to establish a public ditch, commenced before the board of commissioners: "It has been again and again decided in this class of cases that only such objections can be relied on in the circuit court as were appropriately presented to the board of commissioners."

Authority is not wanting, however, concerning the nature of the issue to be tried on appeal in applications for a license to sell intoxicating liquors. In *Miller* v. *Wade* (1877), 58 Ind. 91, it was held that, upon the withdrawal of a sole remonstrant in the circuit court, it was not competent to permit another voter to appear and file a remonstrance. In passing on the question it was said: "We think the court erred in permitting the appellee to become a party, as a remonstrant, after the case was appealed to the circuit court, and while pending therein. The

act does not contemplate any such practice; indeed, there is no law to authorize it. The remonstrance must be filed before the board of commissioners." In *List* v. *Padgett* (1884), 96 Ind. 126, 128, this holding was reaffirmed. In the latter case the court, referring to the provision of §5314 R. S. 1881, for the filing of a remonstrance, said: "There is no other provision authorizing a remonstrance in such cases, and it is manifestly intended that the remonstrance shall be presented to the board of commissioners." These cases have been followed in a number of instances. See *Fletcher* v. *Crist* (1894), 139 Ind. 121; *Head* v. *Doehleman* (1897), 148 Ind. 145; *Gates* v. *Haw* (1898), 150 Ind. 370.

We know of no theory on which the ruling of the court below could be upheld, unless the view were to be accepted that by an *ex parte* adjudication by the board concerning the sufficiency of the remonstrance the territory became an abstinent township, so that all right to a further hearing was cut off. This court has recently held, however, that the effect of the Moore amendment is not to suspend the right of a person to apply for a license where there has been an attempted general adjudication by the board as to the validity of the remonstrance, but that in each and every proceeding to obtain a license the remonstrance against the traffic is, by force of law, drawn into the cause, and that the right is open to each applicant to a hearing upon the remonstrance. *Cain* v. *Allen* (1907), *ante*, 8. Adhering to this holding, it follows that this case is not one in which it can be said that a cause has supervened which has deprived the board for two years of authority to act on applications for a license, thereby creating an objection which could be said to go to the jurisdiction over the subject-matter. On the contrary, the effect of said decision is to give the right of remonstrance its proper place as a component part of the procedure relative to the granting of licenses to sell intoxicating liquors, and, this

Board, etc., *v.* Albright—168 Ind. 564.

established, prior decisions settle, as we have shown, the right of the applicant to insist that upon appeal from the board his application for a license shall not for the first time be challenged by an entirely new remonstrance.

An examination of the record shows that the cause was tried on a wrong theory, and we are therefore of opinion that a new trial should be awarded.

Judgment reversed, with an order to grant a new trial and to strike the supplemental remonstrance from the files.