## ATKINSON ET AL. *v.* DISHER ET AL.

[No. 22,163. Filed May 28, 1912.]

1. COMMON LAW.—*Prevails.*—*Exceptions.*—The common law, since the fourth year of James I, prevails in this State, except as modified by statute, constitutions or acts of congress. p. 673.

2. ACTIONS.—*Consolidation.*—*Power of Courts.*—It is an inherent power of courts to consolidate causes when, in their judgment and discretion, to do so will expedite business and avoid a multiplicity of suits. p. 673.

3. ACTIONS.—*Consolidation.*—*Rights of Parties.*—Where there are a number of causes of action in which the parties adverse to the subject of controversy and the issues are identical, though opposite parties have different rights as among themselves, but common claim or defense in the same right as to all parties against their opponents on the respective sides of the controversy, they have no such control over the causes that they must be dealt with

separately, but they cannot by consolidation be affected in their rights, pleadings or proofs.   p. 674.

4.   INTOXICATING LIQUORS.—*Applications for License to Sell.—Remonstrance.—Consolidation.—Appeal.*—Where twelve applicants for license to sell intoxicating liquors each filed like answers to a remonstrance against the granting of such licenses, though the judgment as to each applicant may be regarded as separate, the issue was joint as to the remonstrators, and identical as to each applicant and, in effect, joint as to them, so that the cases may be properly joined in one appeal.   p. 674.

5.   ACTIONS.—*Consolidation.—Restricting Rights of Parties.*—Consolidation of actions should not be required so as to cut off or restrict different parties and different defenses or rights.   p. 674.

6.   INTOXICATING LIQUORS.—*Applications for License.—Remonstrances.—Answers.—Appeal.*—Where two out of twelve applicants for licenses to sell intoxicating liquors file amended answers, and the cases of all the applicants were consolidated, and it is apparent from the record that the amended answers were intended to stand for all the applicants, and were so treated by the parties and the court, though there was no specific agreement or order to that effect, they should be so treated for all purposes of the case, so that an assignment of error on the rulings on the amended answers presents the question on appeal as to all the appellees.   p. 675.

7.   INTOXICATING LIQUORS.—*Remonstrance.—Effect of Election Under "Proctor Law."—Statutes.*—An election held under the provisions of the "Proctor law" (Acts 1911 p. 363) to determine whether the sale of intoxicating liquor should be prohibited, resulting in a majority of the legal votes being cast in favor of the sale of intoxicating liquors, does not have the effect of nullifying a remonstrance against the granting of license in the district, filed after the election was ordered and notice given, but before the election was held, and the court erred in overruling the demurrer to an answer grounded on the theory that an election under such circumstances nullified the remonstrance.   pp. 676, 677.

8.   INTOXICATING LIQUORS.—*Regulation.—Power of Legislature.*—The subject of regulating or abolishing the sale of intoxicating liquors is a matter wholly within the control of the legislature, and it may impose such restrictions or prohibitions and conditions as it may see fit.   p. 677.

9.   INTOXICATING LIQUORS.—*Remonstrance.—Answer Alleging Disqualification of Remonstrants.—Overruling Motion to Make Specific.*—Where an answer to a remonstrance against the sale of intoxicating liquors alleged that certain remonstrators were not qualified to remonstrate, overruling a motion to require the an-

swer to be made more specific, by pointing out the particular disqualification, was erroneous. p. 678.

10. INTOXICATING LIQUORS. — *Application for License. — Remonstrance.—Proceedings.—Presenting New Issue in Circuit Court.*— It is contrary to the well-established rules of practice, on appeal from the board of commissioners, to present a new issue for the first time in the circuit court, and §8333 Burns 1908, §1 Acts 1907 p. 281, specifically provides that answers to a remonstrance against the sale of intoxicating liquors must be verified and filed before the board. p. 679.

11. INTOXICATING LIQUORS.—*Remonstrance.—Power of Attorney.— Exercise and Termination of Power.—Answer.—Sufficiency.*—A power of attorney, executed without limitation as to time, to defeat the right to license the sale of intoxicating liquors in a given unit or district, is not exhausted by a single exercise thereof, but is a continuing power until revoked, and where an answer to a remonstrance did not disclose any limitation of the power, or revocation thereof, but was grounded on the proposition that by being once exercised the power was exhausted, the court erred in overruling a demurrer thereto. p. 679.

12. PLEADING.—*Amendment.—Appeal from Board of Commissioners.* —Much liberty of amendment is allowable on appeals from the decisions of boards of commissioners, as is consistent with the rights of the parties, and if the amended pleading presents a new issue, it is ordinarily not available error to overrule a motion to strike out the amendment, since the question can be presented on the offer of the evidence. p. 680.

13. INTOXICATING LIQUORS. — *Application for License. — Remonstrance.— Answer.— Amendment.*— Where, on appeal to the circuit court in a remonstrance proceeding, applicants for license amended their answer to the remonstrance by adding to the list of names of persons alleged to be disqualified from signing a remonstrance, the amendment cast the burden of proof on the remonstrators to show that such persons were qualified, and forced them to combat issues which, if presented in the commissioner's court, they might have chosen not to combat, and overruling a motion to strike out the additional names, was prejudicial error. p. 680.

14. INTOXICATING LIQUORS. — *Application for License. — Remonstrance.—Answers.—New Issues.—Burden not on Remonstrators.* —Where, on appeal to the circuit court in a remonstrance proceeding, applicants filed a paragraph of answer to the remonstrance which presented a new issue, but the burden of which was not cast upon remonstrators, the overruling of a motion to strike out was not reversible error, though the issue presented constituted no defense. p. 680.

15. INTOXICATING LIQUORS.—*Applications for License.—Limiting Number of Licenses Issued.—Statute.*—Under the provisions of the "Proctor law" (Acts 1911 p. 244) for limiting the number of licenses that may be issued in a given district, it is the duty of the board of commissioners, where there are on file applications for new licenses in excess of the number allowed by law, to determine to whom of such applicants license shall be granted, and it is manifest from the terms of the statute that such power of selection is expressly denied to the circuit court, so that on appeal in a remonstrance proceeding where the number of applicants was in excess of the number permitted by law, the circuit court erred, after finding against the remonstrators, in selecting those of the applicants to whom license should issue and denying a motion to remand the causes back to the board of commissioners for their selection. p. 681.

16. INTOXICATING LIQUORS. — *Application for License. — Remonstrance.—Hearing.—Costs.*—Where a number of applicants for license to sell intoxicating liquors was in excess of the number allowed by law to be licensed in the township, and on appeal from the action of the board of commissioners in sustaining a remonstrance, the circuit court consolidated the causes and found for the applicants and rendered judgment against the remonstrators for costs, a motion by remonstrators to render judgment for costs against the applicants who were denied license, was properly overruled, since the finding on the remonstrance was in favor of all the applicants and the applications of those in excess of the legal number would, under Acts 1911, p. 244, §8, remain pending until a vacancy occurs. p. 681.

From Orange Circuit Court; *Jonas G. Howard,* Special Judge.

Remonstrance by Roscoe Atkinson and others against the traffic in intoxicating liquors. From a judgment for Albert C. Disher and others, applicants for license, the remonstrators appeal. *Reversed.*

*R. C. Minton, Oscar Ratts* and *Bayless Harvey,* for appellants.

*George Shirts* and *Will J. Buskirk,* for appellees.

MYERS, J.—Appellees, twelve in number, filed separate applications for license to sell intoxicating liquors at retail in French Lick township, Orange county.

On March 31, 1911, a remonstrance signed by appellants,

as constituting a majority of the legal voters of the township, was filed in the auditor's office of that county, against the granting of a license to any applicant. To this remonstrance the various applicants filed verified answers, which by the first paragraph set out the fact that an election was held in the township on April 1, 1911, resulting in a majority of 120 legal votes in favor of licensing, and by reason of the remonstrators having called the election, the remonstrators have waived their right to remonstrate, and elected to stand on the election. At the time the petition for the election was filed, and the election asked, there was no order, permit, ordinance or other action of the board of commissioners or of any court in force against the granting of license for the sale of intoxicating liquors, but the result of the election was canvassed, determined and filed before the board of commissioners, and an order entered on its record showing the result.

The second paragraph of answer was a general denial, and the third that certain named persons, who were remonstrants, were not legal voters of the township at the time of signing or filing the remonstrance, nor at the time their names were signed to the remonstrance by their attorneys in fact; second, that they were not residents, or legal residents of the township; third, that the two named attorneys in fact did not possess authority to sign the names of some of the remonstrators, for the reason that some of the remonstrators had no legal power to sign the remonstrance at the time, because they had many months previously withdrawn and revoked the powers of attorney; fourth, that the named persons did not at the time of signing the remonstrance, or at any time, deliver the powers of attorney to the attorneys in fact, authorizing them to sign any remonstrance; fifth, that the named persons on March —, 1911, petitioned the board of commissioners to call the election, and asked, solicited and encouraged voters of the township to attend the election, and vote on the question of licensing sale of intoxicating liquors, thereby revoking and canceling the powers of attorney.

The matter was heard by the board of commissioners, and the remonstrance sustained, and license refused each applicant. There were separate appeals to the circuit court, where two of the applicants filed amended answers, adding the names of several hundred alleged disqualified remonstrators, and adding a fourth paragraph, alleging that certain named persons, whose signatures appear to the remonstrance signed by the attorneys in fact, authorized the attorneys in fact to sign a remonstrance to be filed May 31, 1911, pursuant to which authority they did file a remonstrance at the July term, 1911, under which the board denied license to the applicants, and that said persons have never authorized or employed said attorneys in fact to file any other remonstrance, or to act for them since that time, and that the signatures to the remonstrance are therefore unauthorized, and should be stricken from the remonstrance, and the other answers remained as filed in the commissioners' court, and by agreement of the parties and order of the court the causes were consolidated.

The remonstrators demurred to the first and fourth paragraphs, on the ground that they did not state facts sufficient to constitute a defense to the remonstrance. The remonstrators also filed a motion to require the applicants to make the third paragraph of answer more specific, definite and certain, by stating specifically, as to each named remonstrator, what particular qualification was lacking to constitute him a legal voter.

The remonstrators also moved that the court strike out of the fourth subdivision of the third paragraph of answer the name of each remonstrator who was not challenged by the answer as filed with the board of commissioners, for the reason that challenging by the amended answer those who were not originally challenged before the board presents new issues, which were not presented to the board.

The remonstrators also filed a motion to strike from the third paragraph of answer all that part set out above, in sub-

stance presenting the question of filing the petition for an election, soliciting voters against licensing, etc., for the reasons that the facts alleged are not sufficient to avoid the remonstrance, and do not show that any power of attorney was revoked before the remonstrance was filed, and the fact that an election was held April 1, 1911, at which any remonstrator may have voted, did not affect the remonstrance, and that no such issue was presented to the board of commissioners. The remonstrators also filed a motion to strike out that part of the fourth paragraph of answer set out in substance herein, presenting the question of signing a remonstrance to be filed May 31, 1907, and its filing, and the consequent discharge of the power of further remonstrating, on the ground that they are not sufficient to avoid the remonstrance, or constitute a defense, and that the fact that there was a remonstrance filed on May 31, 1907, or any matter connected therewith, or action of the board, presents no issue of fact as to the remonstrance in hand, and for the reason that it was not presented to the board of commissioners. Each of the demurrers and motions was overruled, and exceptions reserved.

The cause was tried by the court, which found that there could be but six licenses issued in the township, and found for all the applicants on the issues tendered by the remonstrance and answers. The remonstrators then moved that the court remand the cause to the board of commissioners, on the ground that it alone had the right to determine the fitness of applicants, and to whom, if any, license should be issued, which motion was overruled and exception reserved. Two of the applicants dismissed their applications. The court then granted license to six of ten applicants, and rendered judgment against the remonstrators for costs, overruled a motion to tax costs to appellees who were not granted licenses, and rendered judgment against the remonstrators for costs, and they appeal. Errors are predicated on all the foregoing rulings.

The evidence is not in the record. Appellees question the right to appeal on motion to dismiss, on the ground that the cases of the separate applicants were several and distinct, and that they cannot be joined in one appeal.

It appears from the record, as it doubtless did to the trial court, that the questions involved in each case were the same, and the cases were consolidated, for trial, judgment and appeal, without objection or exception, and as to all the cases but one, by agreement of the parties, and as to the one case on the court's order without objection or exception.

Appellees' position is that the consolidation of the cases for trial, judgment and appeal did not amalgamate into one cause all the cases, and that the consolidation was only for the purpose of trial, and that in all other respects they remained as separate causes, stated in separate complaints, and were final judgments rendered separately in favor of each plaintiff, in separate causes of action; that the pleadings were not changed, nor the causes of action, and that no appeal lies in one case and judgment, under a joint assignment of error, and that the court on appeal cannot render any judgment which would not be separate, and cannot single out any appellee and declare that the record shall stand as an appeal as to that one.

The issues were made up before the board separately, and separate appeals taken to the circuit court, where separate amended answers were filed by two of the applicants, to which the demurrers and motions were addressed. Thereafter the record shows consolidation by agreement of the parties and order of the court "for the purpose of trial, on the issues tendered by the remonstrance herein, and answers, motions, and all pleadings herein shall be, and constitute the issues, the remonstrance, answers, motions, and pleadings in all said consolidated causes."

A later appeal was consolidated with the eleven first consolidated, and an order made without objection or exception consolidating all the causes, "as one action in this court for

the purposes of trial, finding, judgment, and appeal, and for all other purposes, and the several applications in said cause and the remonstrance and answers thereto and demurrers and other papers and pleadings in all said causes, shall be and constitute the issues in said consolidated action.''

The position of appellees is, (1) that, notwithstanding this order, the causes continue to be separate causes; (2) that the court had no power to determine how many cases might come to this court under one record; (3) that which ever way the court had decided, separate appeals must be taken; (4) that in case one party appeals, only the record affecting him is carried up, leaving the judgment below as to the others; (5) that courts at common law had power to consolidate cases, but not by uniting several actions in one record, and that there is no statute in this State authorizing consolidation of cases, and that in any event the agreement and order were no more than consent to try all the causes at one time. It is important to discover the condition as it existed. The remonstrance was against all applicants. Their separate answers in the court below were identical. As the case stood then, the remonstrance was the same, and the answers the same in twelve cases.

The common law, since the fourth year of James I, prevails in this State, except as modified by statute, Constitutions or acts of congress. §236 Burns 1908, §236 R. S. 1881;

1. *McCoy* v. *Payne* (1879), 68 Ind. 327; *Grimes's Executors* v. *Harmon* (1871), 35 Ind. 198, 9 Am. Rep. 690; *Dawson* v. *Coffman* (1867), 28 Ind. 220; *LaFayette; etc., R. Co.* v. *Shriner* (1855), 6 Ind. 141.

It is an inherent power of courts to consolidate causes when the business may, in their judgment and discretion, be expedited, and to avoid multiplicity of suits, and was

2. a recognized and familiar rule at common law, where one trial will answer all the purposes of justice.

Parties have no such control over causes that they must

be dealt with separately, when parties to the subject of controversy and the issues are identical in each, though opposite parties have different rights, as among themselves, but common claim, or defense against their opponents, in the same right, on the respective sides of the controversy as to all parties, but they cannot thereby be affected in their rights, pleadings or proofs. *Oldfather* v. *Zent* (1894), 11 Ind. App. 430, 39 N. E. 221; Sellon, Practice 144; *Den* v. *Kimble* (1827), 9 N. J. L. *335; *Burnham* v. *Dalling* (1863), 16 N. J. Eq. 310; 4 Ency. Pl. and Pr. 691, 676, 683, 688; Gould, Pleading §103.

The remonstrance and like answers were inseparable incidents of each case, and they were necessarily connected, as to a matter, as to which the remonstrance fixed the status of each, if it was valid. *Roach* v. *Baker* (1896), 145 Ind. 330, 43 N. E. 932, 44 N. E. 303; *Glassburn* v. *Deer* (1895), 143 Ind. 174, 41 N. E. 376.

Of course, consolidation should not be required so as to cut off or restrict different parties and different defenses or rights *(Midland R. Co.* v. *Island Coal Co.* [1890], 126 Ind. 384, 26 N. E. 68; *Mutual Life Ins. Co.* v. *Hillmon* [1891], 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706; *Rich* v. *Starbuck* [1873], 45 Ind. 310), and different issues, for obvious reasons. *Bones* v. *National Exchange Bank* (1881), 67 Ga. 339; *Pupke* v. *Meader* (1884), 72 Ga. 230; *Ogburn* v. *Dunlap* (1882), 9 Lea (Tenn.) 162; 4 Ency. Pl. and Pr. 679.

It is clear that if appellees had been defeated, and had desired to appeal, or one of them had desired to appeal, he might have done so, whether the others did or not, and he necessarily would have had to bring the same questions, with the same assignment of error, against all the remonstrators, or appellants here, and he would proceed in the same way that any other litigant appeals from a judgment; and if all had desired to join in an appeal, appellants could not be heard to deny the right, as a proper prac-

tice. No one of appellees was affected in any right he had. The judgment as to each applicant may be regarded as separate, but in the case of each one of them the issue was joint as to the remonstrators, and was identical as to each applicant, and the defeat of one meant the defeat of all for the same reason, so that, in effect, the issue was joint as to them, and they all succeeded on the same issue, and it is this joint issue presented here by assignment of error against them jointly.

The motion to dismiss the appeal must be denied.

It is urged that as the errors assigned are on the rulings on the amended pleadings, and as only two of the applicants—appellees here—amended their answers in the circuit court, no question is presented except as to two appellees.

6.

The record discloses that while one of the two amended answers is denominated on its face as the answer of one of the applicants, it was filed as the amended answer of the "applicants" in the consolidated cases.

As to the other amended answer, which was filed by Charles, who was a later applicant and appellant, in the court below, it was filed as his amended answer, and the case consolidated with the other eleven by the second above consolidating order, consolidating all "as one action."

There were no rulings in the circuit court on any other pleadings, but this is a term appeal, and it is apparent that these amended answers were intended to stand for all applicants, and were so treated by the parties and the court, though there is no specific agreement or order to that effect; but as the amended answers of Disher and Charles were manifestly taken as for the benefit of all, and so treated, they should be so treated for all purposes of the case, besides they necessarily inured to the benefit of all by reason of the unity of the issue, and the fact that if the remonstrance was not good as against one, it was not good as to any, and *vice versa.*

Charles was granted license, and license was denied to Disher, because he was not selected one of the six to whom license might issue, by reason of the population of the township's limiting the number of saloons to six, but all obtained judgment against appellants for costs, and while this court will not entertain an appeal on the question of costs alone, all the applicants prevailed on the issue tendered by them, and as it could not be known which, if any of them, should be granted license, and as under our conclusions that question could not be determined by the circuit court on the appeal, the actual question is yet open, which ones, or whether any one of them, and whether four out of the six who were granted license, and which four, nine having applied at the same time and one much later, were entitled to license, and they are all directly interested, for as to those denied license, their applications remain pending.

The first paragraph of answer is grounded on the proposition that where a local option election has been ordered and notice given under the act of 1911 (Acts 1911 p. 363), commonly known as the Proctor law, and pending the notice but before the election, a general remonstrance is filed against the granting of a license in the district, and after the remonstrance is filed an election takes place under that order and notice, and a majority of the legal voters declares in favor of licensing, then as the later expression of the voters such election supersedes and nullifies the remonstrance, in analogy to election of remedies, and has the effect of suspending the operation of the remonstrance during the term, the vote in favor of licensing is operative.

There might be force in the position, were it not for the manifest intention as expressed in the title and body of the act.

By §9 of the act of 1911, *supra,* it is provided that "if a majority of the legal votes cast in any territory at an election held under the provisions of this act shall be against prohibiting the sale of intoxicating liquors as a beverage in such

territory, such vote shall not affect, change or alter the legal effect of any order, judgment, ordinance, remonstrance or action making it unlawful for the board of commissioners, or any city or town, to grant a license for the sale of intoxicating liquors in any particular township, city, ward, residence district, or to any person, but such order, judgment, remonstrance, or ordinance shall remain in full force and effect according to the provisions of the statute under which said remonstrance was filed, or such ordinance enacted. And in such case the legal voters of any township or ward may remonstrate against the legal granting of a license to sell intoxicating liquors as now provided by law the same as if no election had been held.''

Section 11 of the act provides that ''nothing contained in the provisions of this act shall affect, amend, repeal, or alter in any way the act entitled 'An act' * * * commonly known as 'the Nicholson law', nor the act * * * commonly known as 'the Moore remonstrance law * * *' but this act shall be deemed additional and supplemental thereto.''

The subject of the regulation or abolition of the sale of intoxicating liquors, not being an inherent natural right, is a matter wholly within legislative control, and it 8. may impose such restrictions or prohibitions and conditions as it may see fit.

It would be difficult to conceive broader language than is used in these two sections to disclose the legislative intent not to affect by this act the two former acts. The 7. only possible case that it does not cover, is in a case like this, that it may present grounds for argument, that the latest expression of the voters by an election should be held to suspend the remonstrance, but the argument is unsound. The mere fact that the two acts are so nearly coincident as in this case, is no more forceful than the fact would be of an election held many months after a remonstrance, for in that case, an election might nullify a re-

monstrance, or *vice versa,* a thing plainly not intended.  For example:  Suppose there is a remonstrance against licensing, an election the next day under appellees' contention would nullify it.  On the contrary, if an election is favorable to licensing, a remonstrance the next day, by the same reasoning, would nullify that election, for it is conceded by appellees that neither the Nicholson law nor the Moore amendment are repealed.

If the units were different, a different rule might obtain where one embraced the other, and the purpose of the act was to leave the question to the unit itself, and constructions under different statutes from ours do not aid us.  But for the express provisions of the act, it might be doubted whether the election, as the later expression of the voters, might not prevail, but the act leaves no room for construction.  The plain intent is to put restrictions on the business by both methods in the same unit, at the same time, and there is no practical difficulty in the two plans working together as cumulative regulations, and there is no question of election of remedies, for the statute necessarily, if not expressly, excludes that question.  Under this act neither election nor remonstrance has any effect, the result of one on the result of the other.  Neither can the question of the expense, uncertainty, annoyance or policy of the two methods operating at the same time be of controlling importance, for the courts have no concern with those questions. The court erred in overruling the demurrer to the first paragraph of answer.

The court erred in overruling the motion of appellants to require the third specification of the third paragraph of answer to be made more specific, by pointing out the particular disqualification of the 722 remonstrators who are alleged not to have been qualified remonstrators of the township.  The reasons have been pointed out in other cases.  *Scanlon* v. *Deuel* (1911), 176 Ind. 208, 94 N. E. 561; *Adams* v. *Smith* (1910), 173 Ind. 398, 90 N. E. 625; *Miller* v. *Resler* (1909), 172 Ind. 320, 88 N. E. 516.

The fourth paragraph of answer presents the question of the effect of one use of a general power of attorney in remonstrating against the granting of license.

The question was not presented before the board of commissioners and presented a new issue for the first time in the circuit court, which, under well-established rules of practice, may not be done. *Sanasack* v. *Ader* (1907), 168 Ind. 559, 80 N. E. 151; *Smyth* v. *State, ex rel.* (1902), 158 Ind. 332, 62 N. E. 449; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 41 N. E. 371; *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594, 30 N. E. 705; *Potter* v. *McCormack* (1891), 127 Ind. 439, 26 N. E. 883.

The statute is specific, that the answers must be verified and filed before the board. §8333 Burns 1908, Acts 1907 p. 281, §1.

Ordinarily the execution of a power of attorney is complete, when the thing to be done is accomplished, but when the power is to accomplish a particular result, and is without limitation as to time, as in this case, to defeat the right to license the sale of intoxicating liquors in a given unit or district, it is a continuing power until revoked, and the answer does not disclose any limitation of the power or revocation, but is grounded on the proposition that by being once exercised the power is exhausted.

The reason for the execution of the power, so far as its effects and purposes are concerned, is a continuing one, and it is not necessarily or presumptively exhausted by a single exercise; its acceptance is in the nature of a trust, to accomplish a specific and necessarily recurring purpose, and is not discretionary as to execution. *McClanahan* v. *Breeding* (1909), 172 Ind. 457, 88 N. E. 695; *Ludwig* v. *Cory* (1902), 158 Ind. 582, 64 N. E. 14.

The answer was insufficient, and the ruling of the court on the demurrer was erroneous.

Much liberty of amendment has always been allowable on appeals from decisions of boards of commissioners, as is

consistent with the rights of parties, but to permit enough names to be added, as was here done, clearly to change the result if maintained, was to present a question which clearly was not before the board in any form, and was the same in effect as presenting a new issue; but that situation would not ordinarily be available error on a motion to strike out the added names, because the question could be presented on the offer of the evidence, and ordinarily overruling a motion to strike out is not available error for that reason.

But the conditions presented by such amendment of answer is entirely different in this class of cases, for the reason, as was pointed out in *Adams* v. *Smith, supra,* that filing such an answer does not leave it a question to be supported by the applicant, but casts the burden on the remonstrators of proving that the parties named are qualified remonstrants, thus, in the first instance, requiring them to overcome that answer, instead of requiring applicants to support their answers in the first instance, is the practice in ordinary civil proceedings, and forces on the remonstrators issues which they must combat and repel, when no such burden was laid on them in the commissioners' court, and which they might have chosen not to contest. Therefore, overruling the motion to strike out the additional names was prejudicial error.

It was not reversible error to overrule the motion to strike out the fifth specification of the third paragraph of answer, which is the one presenting the fact that the remonstrators had called an election and voted at the election, was a revocation of the powers of attorney theretofore executed by them, for the reason that that was not an issue, the burden of which shifted to the remonstrators by reason of the answer, but remained to be shown by the applicants, and the question could arise on the evidence being offered, though it was manifestly no defense.

At the point where the court found for the applicants

on the remonstrance, and found that there was an excess of four applicants above the number entitled to license in the township, appellants interposed a motion to remand all the causes back to the board of commissioners, on the ground that only the board of commissioners has the right to determine to whom license may issue.

This motion was denied, and the circuit court selected the licensees.

Acts 1911 p. 244 §8, provides: "If after the granting or refusal of all applications for renewal, there are on file applications for new licenses in excess of the number allowed by law, the board shall select from among such number and grant license to those possessing all the qualifications required of applicants for such license who are the best qualified and most fit so to be intrusted with a license, and in so doing shall take into consideration the various locations and needs of the neighborhood or place where such licenses are desired, and the *action of the board in making such selection shall be final and conclusive, and no appeal shall lie therefrom.*" (Our italics.)

The act of making this selection, it is apparent, is a purely ministerial and administrative one, and while, but for the provision just quoted, the general statute in regard to appeals from decisions of the county board, if it were a judicial act, might with some reason apply on the ground of the trial being *de novo* in the circuit court, it cannot, and does not apply to a purely ministerial act; but aside from these considerations, if there can be no appeal, as the statute expressly provides from the order selecting the licensees, it is manifest that such power is expressly denied the circuit court and is committed wholly to the board of commissioners, and the ruling was erroneous.

The court rendered judgment against appellants for costs, and they then moved that the court render judgment for costs against appellees who had not been granted license, and the motion was overruled.

The cause was tried as one cause. The issue was the same as to each applicant. Under the court's finding, the issue on the remonstrance was found in favor of all the applicants, and as to those who were denied license by reason of the number of licenses permissible, their applications would remain pending until a vacancy occurs (Acts 1911 p. 244 §8), and the motion was properly overruled.

The judgment is reversed, with instruction to the court below to sustain the demurrer to the first and fourth paragraphs of answer, and to sustain the motion to make the third paragraph of answer specific as to the disqualifications of the alleged disqualified remonstrators, when the remonstrance was filed, and to sustain the motion to strike from the third paragraph of answer all names of alleged disqualified remonstrators who were not named as such in the answers filed before the board of commissioners, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 807. See, also, under (1) 8 Cyc. 377; (2) 8 Cyc. 591; 58 Am. Dec. 508; (3) 8 Cyc. 594, 606; (4) 23 Cyc. 139; (5) 8 Cyc. 594, 595; (7) 23 Cyc. 92; (8) 23 Cyc. 65; as to the power to permit sales, see 14 L. R. A. (N. S.) 172; as to constitutional right to prohibit sales, see 15 L. R. A. (N. S.) 908; (9) 1913 Cyc. Ann. 2544; (11) 23 Cyc. 131; (13 and 14) 23 Cyc. 133; (15) 1913 Cyc. Ann. 2540.