STINGLEY ET AL. v. OWEN ET AL.

[No. 23,138.    Filed February 20, 1917.]

1. HIGHWAYS.—*Proceedings to Establish.—Appeal to Circuit Court.—Time.*—Under §3 of the act of 1915, Acts 1915 p. 644, 646, relating to appeals allowed under the gravel road law, an appeal to the circuit court from an order of the board of county commissioners establishing a free gravel road less than three miles in length must be taken and the bond filed within ten days from the time such order is finally made, appeals in such cases not being governed either by §6021 Burns 1914, §5772 R. S. 1881 or by §7793 Burns 1914, Acts 1905 p. 521, 579, on the subject of appeals to the circuit court from decisions of the board of county commissioners.   p. 134.

2. HIGHWAYS.—*Proceedings to Establish.—Appeal to Circuit Court.—Questions Presented.*—On an appeal to the circuit court from an order of the board of county commissioners establishing a free gravel road less than three miles in length on a bond filed the day following the letting of the contract and after the expiration of the time for appealing from such an order, no question is presented to the circuit court as to the letting of the contract where such issue was not raised in the proceedings had before the board.   p. 135.

From Montgomery Circuit Court; *Jere West*, Judge.

Proceedings before the Board of Commissioners of Montgomery County on the petition of Lewis W. Owen and others to have a gravel road established. From a judgment dismissing an appeal to the circuit court, Chris Stingley and others appeal.   *Affirmed.*

*Chase Harding*, for appellants.

*Albert D. Thomas, Andrew N. Foley, Nina Lindley* and *John Harrigan*, for appellees.

ERWIN, J.—Proceedings were begun before the board of commissioners of Montgomery county to have established in said county a free gravel road less than three miles in length. Such actions were taken before the commissioners as resulted in the order of said board establishing the road, which order was duly entered,

May 4, 1915. On May 29, 1915, appellants filed a bond with the auditor and prayed an appeal to the circuit court from the order of the board establishing the road, which bond was duly approved by such auditor.

In the circuit court appellees moved to dismiss the appeal for the reason that the bond was not filed within the time allowed by law for perfecting appeals.

1.  It is contended by appellants that their right to appeal is governed by §6021 Burns 1914, §5772 R. S. 1881, and therefore they had thirty days in which to file their appeal bond. Appellees contend that the right to appeal from the commissioners' court is governed by §3, chapter 176, of the act of 1915. Acts 1915 p. 644, 646.

Section 6021, supra, is as follows: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved; but if such person shall not be a party to the proceeding, such appeal shall not be allowed, unless he shall file, in the office of the county auditor, his affidavit, setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest." That portion of §3, Acts 1915, supra, which relates to appeals allowed under the gravel road law is as follows: "Provided, further, That any taxpayer of the county aggrieved by the action of said board, may appeal from its decision to the circuit court of said county within ten days in the same manner as other appeals are taken from the action of such board, and said cause shall by said court be tried de novo."

It is further contended by appellants that if they are not entitled to an appeal under §6021, supra, §123 of the gravel road law of 1905 (Acts 1905 p. 521, 579, §7793 Burns 1914), authorized an appeal within thirty days. Section 7793, supra, is as follows: "Except as

otherwise provided in this act any person aggrieved by any decision of the board of commissioners of any county, in any proceeding in relation to highways, may appeal therefrom within thirty days thereafter to the circuit court of such county, by filing a bond," etc. It will be noted that this section says that appeals may be taken under this section "except as otherwise provided in this act." Section 3 of the act of 1915, *supra*, was originally §70 of the gravel road act of 1905, *supra*, and the legislature evidently intended that when a road was to be constructed of less than three miles in length that as little delay as possible should be allowed, and hence provided that appeals might be taken in those cases, if taken within ten days.

The same provision was carried into the original amendment of §70, by §1 of the act approved March 8, 1909, Acts 1909 p. 353, and also in the amendment of the amendatory section in 1913, §2, Acts 1913 p. 418. In the original act and in all subsequent legislation amendatory of that act the same provision as to appeal is carried forward. We are of the opinion that §70 of the original act and the acts amendatory thereof govern the appeal in this case, and the bond not having been filed within ten days from the final order of the board establishing the road a later filing would be too late to secure an appeal.

Appellants refiled their bond with the auditor, June 29, 1915, the day following the letting of the contract for the building of said road. No issue was presented to the board involving the letting of the contract for the building of the road; hence no question was presented to the circuit court for trial. *Sanasack* v. *Ader* (1907), 168 Ind. 559, 562, 80 N. E. 151; *Taylor* v. *Strayer* (1906), 167 Ind. 23, 31, 78 N. E. 236, 119 Am. St. 469; *Atkinson* v. *Disher* (1912), 177 Ind. 665, 679, 98 N. E. 807; *Davis* v. *Hert* (1910), 46

Ind. App. 242, 247, 90 N. E. 634.  It must follow that the trial court did not err in dismissing the appeal and the judgment is affirmed.

Note.—Reported in 115 N. E. 88.